**Johnny Joe DAVILA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–03–491–CR.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 31, 2005.

---

S. Reese Rozzell, Rockport, for appellant.

Michael Hess, Asst. Dist. Atty., Patrick L. Flanigan, Dist. Atty., Sinton, for state.

Before Chief Justice VALDEZ and Justices HINOJOSA and BAIRD.[1]

## OPINION

Opinion by Justice BAIRD.

Appellant was charged by indictment with the offense of aggravated assault. Pursuant to a plea bargain with the State, appellant pled guilty to the charged offense. The trial judge found appellant guilty and assessed punishment at ten years confinement in the Texas Department of Criminal Justice—Institutional Division and a fine of $1,000. However, the trial judge suspended imposition of the sentence and placed appellant on community supervision for a period of ten years. The State subsequently filed a motion to revoke appellant's community supervision. After conducting a hearing, the trial judge granted the motion, revoked appellant's community supervision, and assessed pun-

---

1. Former Texas Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon Supp.2004–05).

ishment at ten years confinement. We affirm.

The sole allegation in the State's motion to revoke community supervision was that appellant committed the offense of capital murder. Appellant and his brother were charged with the same offense and tried jointly. Prior to the capital murder trial, the trial judge began the hearing on the State's motion to revoke community supervision. Following appellant's plea of not true, the trial judge recessed the hearing and stated that he would consider the motion while hearing the evidence admitted during the capital murder trial.

The alleged capital murder involved a double murder which occurred following a fight at a birthday party for appellant's niece—the daughter of appellant's brother, Gilbert Davila. The State's theory of prosecution was that appellant left the party with the complainants who were seated in the front seat of Gilbert's vehicle. Appellant and Gilbert returned a short time later, admitted to killing the complainants, bathed, burned their clothes, and altered the interior of the vehicle to remove evidence of the crime. The complainants' bodies were found the following day beside the roadway. Appellant and Gilbert testified they had nothing to do with the murders. The jury accepted the State's theory of prosecution, rejected the defensive testimony, and convicted appellant of capital murder.[2] The evidence will be developed more fully below.

After that trial, the hearing on the State's motion to revoke appellant's community supervision resumed. The probation officer identified appellant as the person named in the motion to revoke community supervision. The trial judge granted the motion and assessed appel-

lant's punishment at ten years confinement.

■ Appellant's two points of error challenge the legal and factual sufficiency of the evidence to support the revocation of his community supervision. In a proceeding to revoke community supervision, the burden of proof is on the State to show by a preponderance of the evidence that the probationer violated a condition of probation as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim.App.1993). The State satisfies this burden when the greater weight of credible evidence before the court creates a reasonable belief that it is more probable than not that a condition of probation has been violated as alleged in the motion to revoke. *Joseph v. State*, 3 S.W.3d 627, 640 (Tex.App.-Houston [14th Dist.] 1999, no pet.).

■ In reviewing the legal sufficiency of the evidence to support the revocation, appellate courts review the evidence in the light most favorable to the judgment, giving deference to the trial court as the sole trier of facts, the credibility of the witnesses, and the weight to be given to the evidence presented. *Russell v. State*, 685 S.W.2d 413, 419 (Tex.App.-San Antonio 1985, pet. ref'd); *see Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App.1979). This review is conducted under the abuse of discretion standard. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex.Crim.App.1980). When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court. *Brumbalow v. State*, 933 S.W.2d 298, 300 (Tex.App.-Waco 1996, pet. ref'd).

**2.** The State did not seek the death penalty. The trial judge automatically assessed punish- ment at confinement for life.

When a defendant challenges the factual sufficiency of the evidence to support the conviction, we apply the standard announced in *Clewis v. State*, 922 S.W.2d 126, 134 (Tex.Crim.App.1996), and refined in *Santellan v. State*, 939 S.W.2d 155, 164 (Tex.Crim.App.1997):(a) we assume the evidence is legally sufficient; (b) we then consider all of the record evidence, not just the evidence which supports the verdict; (c) we review the evidence weighed by the fact-finder which tends to prove the existence of the fact in dispute, and compare it to the evidence which tends to disprove that fact; and (d) we set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Santellan*, 939 S.W.2d at 164.

Appellant asks us to apply this standard of review to the trial judge's decision to revoke the community supervision. Several of our sister courts have determined that the *Clewis* line of cases does not apply to appellate review of the decision to revoke community supervision. *Brooks v. State*, 153 S.W.3d 124, 126 (Tex. App.-Beaumont 2004, no pet.); *Pierce v. State*, 113 S.W.3d 431, 436 (Tex.App.-Texarkana 2003, pet. ref'd); *Cochran v. State*, 78 S.W.3d 20, 27 (Tex.App.-Tyler 2002, no pet.); *Becker v. State*, 33 S.W.3d 64, 66 (Tex.App.-El Paso 2000, no pet.); *Allbright v. State*, 13 S.W.3d 817, 818 (Tex.App.-Fort Worth 2000, pet. ref'd); *Johnson v. State*, 943 S.W.2d 83, 85 (Tex.App.-Houston [1st Dist.] 1997, no pet.); *Brumbalow v. State*, 933 S.W.2d 298, 299–300 (Tex.App.-Waco 1996, pet. ref'd). Appellant does not challenge these holdings nor does he attempt to distinguish them from the instant case. We find these cases persuasive, and consequently, we hold appellant has no right to a factual sufficiency review of a trial judge's decision to revoke community su-pervision. Accordingly, the second point of error is overruled.

We now turn to appellant's legal sufficiency challenge. Joe Rendon testified that appellant admitted shooting the complainants. According to Rendon, appellant said he shot the male complainant once and shot the female complainant twice because the first shot went all the way through her into the dashboard. Rendon's testimony is corroborated by Dr. Ray Fernandez of the Nueces County Medical Examiner's Office who testified the male complainant died from a single gunshot wound and the female complainant died as a result of two gunshot wounds to the head. One wound was described as a "perforating gunshot wound" which means the projectile "went in and out, through and through the body."

When this evidence is viewed in the light most favorable to the prosecution, we find the State's evidence was sufficient to create a reasonable belief that it is more probable than not that appellant violated the condition of community supervision as alleged in the motion to revoke, namely the offense of capital murder. *Joseph*, 3 S.W.3d at 640. Consequently, we hold the evidence is legally sufficient to support the revocation of appellant's community supervision. Appellant's first point of error is overruled.

The judgment of the trial court is affirmed.