TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00797-CR






Ranferi Hernandez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT


NO. 3030293, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant Ranferi Hernandez was placed on community supervision following his
conviction for robbery. See Tex. Pen. Code Ann. § 29.02 (West 2003). After finding that appellant
violated the terms and conditions of his supervision by possessing cocaine and firearms, the trial
court revoked supervision and imposed a ten-year sentence. Appellant contends that the evidence
is insufficient to support the decision to revoke. We will overrule the point of error and affirm the
court's order.

The State has the burden of proving a violation of the terms and conditions of
community supervision by a preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 874
(Tex. Crim. App. 1993). It meets this burden if the greater weight of credible evidence creates a
reasonable belief that a condition of supervision was violated as alleged. Jenkins v. State, 740
S.W.2d 435, 437 (Tex. Crim. App. 1983). (1) The violation of a single condition is sufficient to
support revocation. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). Our review of
a revocation order is limited to determining whether the trial court abused its discretion. Cardona
v. State, 665 S.W.2d 492, 495 (Tex. Crim. App. 1984).

Austin police officer John Noetzel testified at the revocation hearing that he was
approached by an informer, identified as Antonio Ojodeagua, who told him that appellant and his
brother Eugenio Hernandez were dealing narcotics at their residence and were also planning a "home
invasion." Noetzel and other officers began surveillance at the Hernandez residence, where appellant
and his brother lived with their parents and sister.

The Hernandez house was built on a steep hill, with the garage below the main living
area. The garage had been converted into a family room. The only access between this family room
and the upper living area was by means of an outside stairway visible from the street. Noetzel
testified that he and other officers saw appellant and his brother going to and from the family room
on a regular basis. They never saw other members of the family use that room. The officers also
witnessed a steady stream of visitors to the family room. Noetzel testified that these comings and
goings were, in his experience, typical of drug dealing.

Noetzel testified that Ojodeagua was inside the Hernandez house on several occasions
and reported seeing narcotics. Ojodeagua testified at the hearing that he did not go inside the house,
but he acknowledged having conversations with appellant in which appellant said he sold drugs.

Officers executed a search warrant at the Hernandez house on the morning of August
6, 2004. Appellant was found in a bedroom. He had $200 in cash, but no drugs, weapons, or other
contraband were found on his person or in the room. Over $5000 in cash was found in a lock box
in appellant's sister's room. Appellant's brother and another man were in the downstairs family
room. During a search of this room, officers found 1.7 grams of cocaine, bags of powder used to
dilute cocaine prior to sale, scales, and several firearms with ammunition.

Appellant refers us to several opinions that he argues support the conclusion that the
evidence is insufficient to sustain his conviction for the possession of the cocaine found in the family
room. But the State's burden of proof at a revocation hearing is less than that required to convict. 
The cocaine was found in appellant's residence, in a room that was regularly visited by him and his
brother. (2) Officers had also seen visitors coming and going from that room in a manner indicative
of drug dealing. Appellant told Ojodeagua that he was dealing drugs. We hold that the
preponderance of the probative evidence supports a finding that appellant knowingly exercised care,
custody, and control over the cocaine. We need not decide whether the evidence also supports a
finding that appellant possessed the firearms found in the same room.


The order revoking community supervision is affirmed.



 ___________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: May 9, 2006

Do Not Publish

1. Appellant's stated point of error is that the evidence is legally and factually insufficient to
sustain the revocation order. Every court of appeals that has considered the issue has concluded that
factual sufficiency review is inapplicable to probation revocations. See Davila v. State, 173 S.W.3d
195, 198 (Tex. App.--Corpus Christi 2005, no pet.) (collecting cases). In the body of his argument,
appellant cites only the established standard of review discussed above.
2. Eugenio Hernandez pleaded guilty in federal court to possessing the drugs and firearms. Of
course, drugs may be jointly possessed by more than one person. Cude v. State, 716 S.W.2d 46, 47
(Tex. Crim. App. 1986).