# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00797-CR

**Ranferi Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT NO. 3030293, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Ranferi Hernandez was placed on community supervision following his conviction for robbery. *See* Tex. Pen. Code Ann. § 29.02 (West 2003). After finding that appellant violated the terms and conditions of his supervision by possessing cocaine and firearms, the trial court revoked supervision and imposed a ten-year sentence. Appellant contends that the evidence is insufficient to support the decision to revoke. We will overrule the point of error and affirm the court's order.

The State has the burden of proving a violation of the terms and conditions of community supervision by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). It meets this burden if the greater weight of credible evidence creates a reasonable belief that a condition of supervision was violated as alleged. *Jenkins v. State*, 740

S.W.2d 435, 437 (Tex. Crim. App. 1983).[1]  The violation of a single condition is sufficient to support revocation.  *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).  Our review of a revocation order is limited to determining whether the trial court abused its discretion.  *Cardona v. State*, 665 S.W.2d 492, 495 (Tex. Crim. App. 1984).

Austin police officer John Noetzel testified at the revocation hearing that he was approached by an informer, identified as Antonio Ojodeagua, who told him that appellant and his brother Eugenio Hernandez were dealing narcotics at their residence and were also planning a "home invasion."  Noetzel and other officers began surveillance at the Hernandez residence, where appellant and his brother lived with their parents and sister.

The Hernandez house was built on a steep hill, with the garage below the main living area.  The garage had been converted into a family room.  The only access between this family room and the upper living area was by means of an outside stairway visible from the street.  Noetzel testified that he and other officers saw appellant and his brother going to and from the family room on a regular basis.  They never saw other members of the family use that room.  The officers also witnessed a steady stream of visitors to the family room.  Noetzel testified that these comings and goings were, in his experience, typical of drug dealing.

---

[1]  Appellant's stated point of error is that the evidence is legally and factually insufficient to sustain the revocation order.  Every court of appeals that has considered the issue has concluded that factual sufficiency review is inapplicable to probation revocations.  *See Davila v. State*, 173 S.W.3d 195, 198 (Tex. App.—Corpus Christi 2005, no pet.) (collecting cases).  In the body of his argument, appellant cites only the established standard of review discussed above.

Noetzel testified that Ojodeagua was inside the Hernandez house on several occasions and reported seeing narcotics. Ojodeagua testified at the hearing that he did not go inside the house, but he acknowledged having conversations with appellant in which appellant said he sold drugs.

Officers executed a search warrant at the Hernandez house on the morning of August 6, 2004. Appellant was found in a bedroom. He had $200 in cash, but no drugs, weapons, or other contraband were found on his person or in the room. Over $5000 in cash was found in a lock box in appellant's sister's room. Appellant's brother and another man were in the downstairs family room. During a search of this room, officers found 1.7 grams of cocaine, bags of powder used to dilute cocaine prior to sale, scales, and several firearms with ammunition.

Appellant refers us to several opinions that he argues support the conclusion that the evidence is insufficient to sustain his conviction for the possession of the cocaine found in the family room. But the State's burden of proof at a revocation hearing is less than that required to convict. The cocaine was found in appellant's residence, in a room that was regularly visited by him and his brother.[2] Officers had also seen visitors coming and going from that room in a manner indicative of drug dealing. Appellant told Ojodeagua that he was dealing drugs. We hold that the preponderance of the probative evidence supports a finding that appellant knowingly exercised care, custody, and control over the cocaine. We need not decide whether the evidence also supports a finding that appellant possessed the firearms found in the same room.

---

[2] Eugenio Hernandez pleaded guilty in federal court to possessing the drugs and firearms. Of course, drugs may be jointly possessed by more than one person. *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986).

The order revoking community supervision is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   May 9, 2006

Do Not Publish