# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00008-CR

**Adam Benavides, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 3021403, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Adam Benavides was placed on community supervision following his conviction for robbery. *See* Tex. Pen. Code Ann. § 29.02 (West 2003). He now appeals from an order revoking supervision and imposing a ten-year sentence, urging that the evidence does not support the trial court's findings. He also contends that he did not receive effective assistance of counsel. We will overrule these contentions and affirm the revocation order.

The State has the burden of proving a violation of the terms and conditions of community supervision by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). It meets this burden if the greater weight of credible evidence creates a reasonable belief that a condition of supervision was violated as alleged. *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983). The violation of a single condition is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). Our review of a

revocation order is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 495 (Tex. Crim. App. 1984). For this reason, we review the evidence presented at the hearing in the light most favorable to the trial court's findings. *Id.*[1]

Sixteen-year-old Y.C. testified that on the night of November 11, 2003, she went to a party with her fourteen-year-old girlfriend, J.R., and three male friends. Y.C. had never been to the house where the party was held and did not know the persons, all male, who were already at the party when they arrived. Y.C. was offered and accepted a mixed drink, and she continued to drink until she passed out. Before she passed out, another young man Y.C. did not know arrived at the party and offered her some pills he referred to as "bars." Y.C. said that she told the man she did not want to take any of these pills. Y.C. testified that she did not remember anything that happened after she passed out, and that her next memory was waking up in the hospital the next day.

J.R. testified that appellant was the person who brought the "bars" to the party. She said that "bars" is a term used to refer to Xanax pills.[2] J.R. testified that Y.C. agreed to take a "bar," and that she saw someone crush a pill and put it in Y.C.'s drink. J.R. said that after Y.C. took the pill, she became extremely intoxicated and soon passed out. Someone suggested that they let Y.C. "sleep it off." J.R. and the young men she was with went outside for about half an hour, leaving

---

[1]     Appellant's stated point of error is that the evidence is legally and factually insufficient to sustain the revocation order. Every court of appeals that has considered the issue has concluded that factual sufficiency review is inapplicable to probation revocations. *See Davila v. State*, 173 S.W.3d 195, 198 (Tex. App.—Corpus Christi, no pet.) (collecting cases); *see also Pardini v. State*, No. 03-04-00211-CR, 2005 Tex. App. LEXIS 2987, at *6 (Tex. App.—Austin Apr. 21, 2005, no pet.) (not designated for publication).

[2]     Xanax is the trade name for alprazolam, a tranquilizer. Physician's Desk Reference, http://www.pdrhealth.com/drug_info/rxdrugprofiles/drugs/xan1491.shtml. Alprazolam is a penalty group 3 controlled substance. Tex. Health & Safety Code Ann. § 481.104(a)(2) (West 2003).

2

Y.C. inside with the others. When they returned to the room where the party was taking place, J.R. saw a man having sexual intercourse with Y.C. This man quickly left the room when J.R. and her friends entered.

J.C. was one of the friends who took Y.C. and J.R. to the party. He testified that he had known appellant for years. He confirmed that it was appellant who brought the Xanax to the party and gave it to Y.C. He also identified appellant as the man seen having intercourse with Y.C.

Austin Police Officer John Lake testified that he and other officers executed a warrant to arrest appellant on March 3, 2004. The officers stopped a car being driven by appellant's brother, in which appellant was the front-seat passenger. Lake searched the car and found a plastic bag containing Xanax pills stuffed between the passenger seat and the door jamb. Lake confirmed that Xanax pills are commonly referred to as "bars."

It was stipulated that the pills found in the car contained 1.5 grams of alprazolam. It was also stipulated that the sexual assault nurse examiner who examined Y.C. the day after the party found evidence of penetration by a male sexual organ. The defense introduced in evidence a department of public safety lab report excluding appellant as a contributor to the sperm cell fraction recovered during the examination.

The court found that appellant violated the terms and conditions of his supervision by delivering alprazolam to Y.C. on November 11, 2003, by sexually assaulting Y.C. on that date, and by possessing alprazolam on March 3, 2004. Appellant challenges the sufficiency of the evidence to support these findings, but his arguments assume that the State had the burden of proving the alleged violations beyond a reasonable doubt. In fact, the State was required to prove the

3

violations by only a preponderance of the evidence. *Cobb*, 851 S.W.2d at 874. That burden was met. Viewing the evidence in the light most favorable to the court's findings, the greater weight of credible evidence creates a reasonable belief that appellant violated the terms of his probation as found by the court.[3] *Jenkins*, 740 S.W.2d at 437. Point of error one is overruled.

In his second point of error, appellant complains that his attorney at the revocation proceeding did not render effective assistance. To prevail on this claim, appellant must show that his attorney made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced appellant's defense to such a degree that he was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). He must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

After appellant's supervision was revoked, the court asked the parties for argument. The prosecutor reminded the court of the seriousness of both the underlying offense and the conduct that led to the revocation, and asked the court to impose the full ten-year sentence originally assessed. Appellant's counsel responded by saying, "As the Court is aware from looking at his PSI, [appellant] does have a wife and a daughter, and I would ask that—obviously the Court heard the

---

[3] The DNA evidence does not exclude the possibility that appellant sexually assaulted Y.C. because there is no evidence that she was assaulted by only one person.

evidence, and there is not much I can say about that. I would ask the Court for leniency." Appellant urges that there could be no strategic justification for counsel's failure to advocate for a lesser sentence, and he asserts that "with even the slightest bit of advocacy by his lawyer, he would have received a lesser sentence."

Appellant's counsel did advocate for a lesser sentence when he asked the court for leniency. We are not persuaded that the court would have reduced appellant's sentence if only appellant's counsel had suggested a specific number of years, such as two or five. On this record, appellant has not satisfied either prong of *Strickland*. Point of error two is overruled.

The order revoking community supervision is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: May 25, 2006

Do Not Publish