Opinion filed August 16, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed August 16, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00344-CR 

                                                    __________

 

                                     TONY LOZANO, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 259th District Court

 

                                                          Jones County, Texas

 

                                                     Trial
Court Cause No. 8541 

 



 

                                                                   O
P I N I O N

 

Tony Lozano, Jr. was convicted of felony driving
while intoxicated and was given a probated sentence.  The State subsequently filed a motion to
revoke, contending that Lozano violated one or more conditions of his community
supervision.  The trial court conducted
an evidentiary hearing and found that Lozano intentionally or knowingly engaged
in sexual contact with a seven-year-old girl his wife babysat.  The trial court revoked Lozano=s community supervision and sentenced
him to three years confinement.  We
affirm.








Lozano challenges the trial court=s revocation order with two
issues.  Lozano contends first that the
evidence is factually insufficient and second that the trial court lacked
jurisdiction because there was no proof that it was presented with an indictment.


Lozano has no right to a factual sufficiency
review of the trial court=s
decision to revoke community supervision. 
Davila v. State, 173 S.W.3d 195, 198 (Tex. App.CCorpus
Christi 2005, no pet.) (citing decisions from several sister courts reaching
the same conclusion).  But even if Lozano=s issue is treated as a legal
sufficiency challenge, the evidence was sufficient to sustain the trial court=s decision.

We review an order revoking community supervision
under an abuse-of-discretion standard.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The State must prove
by a preponderance of the evidence that the defendant violated a condition of
community supervision as alleged in the motion to revoke.  Cobb v. State, 851 S.W.2d 871, 873-74
(Tex. Crim. App. 1993).  The trial court
is the sole trier of fact and determines the credibility of the witnesses and
the weight to be given their testimony.  Allbright
v. State, 13 S.W.3d 817, 818-19 (Tex. App.CFort
Worth 2000, pet. ref=d).  We review the evidence in the light most favorable
to the trial court=s
ruling.  Cherry v. State, 215
S.W.3d 917, 919 (Tex. App.CFort
Worth 2007, pet. ref=d).  The trial court does not abuse its discretion
if there is some evidence to support its decision.  Brumbalow v. State, 933 S.W.2d 298,
300 (Tex. App.CWaco
1996, pet. ref=d).

Lozano contends that the evidence was too
unreliable to have any probative value and primarily attacks the minor victim=s credibility.  Lozano identifies several potential
credibility challenges to her testimony, but whether that testimony is believable
is beyond this court=s
province to resolve.  The victim
testified that on several occasions Lozano touched her below the waist (both
through and under her clothes) with his hand or fingers and that he placed her
hand on his private parts.  The State
also introduced an outcry witness, Wendy Marie Southerland who was a licensed
professional counselor intern with Red
 River Hospital,
and Dr. Paige Hughes LeMasters who was the victim=s
pediatrician.  Both Southerland and Dr.
LeMasters testified that the victim told them that Lozano had touched her
inappropriately.  This is some evidence
that Lozano violated a condition of his community supervision.  The trial court, therefore, did not abuse its
discretion.  Issue one is overruled.








Lozano next argues that the trial court lacked
jurisdiction because there was no proof that it was presented with an
indictment as required by Tex. Const.
art. V, ' 12.  Lozano relies upon the fact that his
indictment for felony DWI contained a certification form but that this form was
not completed by the district clerk.  It
is abundantly clear, however, that the indictment was presented to the trial
court.

It is a well-settled rule that there is a
presumption of regularity in the trial court proceedings absent a showing to
the contrary by the appealing party.  See
Light v. State, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000) (presumption of
regularity is a judicial construct that requires a reviewing court, absent
evidence of impropriety, to indulge every presumption in favor of the
regularity of the proceedings and documents in the lower court); Ex parte
Wilson, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986) (there is a presumption
of the regularity of the judgment of conviction and the proceedings, absent a
showing to the contrary).

The district clerk prepared a clerk=s record for this appeal and certified
that it contains Atrue and
correct copies of all the proceedings directed by counsel to be included in the
transcript.@ Included
within the clerk=s record
is an indictment for felony driving while intoxicated.  The record also includes a judgment of
conviction that references the indictment, the charged offense, and Lozano=s waiver of the reading of that
indictment and a judgment revoking community supervision that references an
indictment.  Regardless of whether the
district clerk signed the indictment=s
authentication section, it is clear that the indictment was presented to the
trial court.  Lozano=s second issue is overruled.

The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

August 16, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J. and Strange, J.