

## NUMBER 13-07-00622-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**PRINCE IVORY STEWART,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                **Appellee.**

### On appeal from the Criminal District Court
### of Harris County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

Appellant, Prince Ivory Stewart, was indicted by the grand jury for the offense of indecency with a child. *See* TEX. PENAL. CODE ANN. § 21.11(a)(1) (Vernon 2003). After Stewart pleaded no contest,[1] the trial court found that the evidence presented

---

[1] Although the reporter's record shows that Stewart pleaded "no contest" to the charge, at the revocation hearing, the trial court mistakenly stated that Stewart pleaded "guilty." The judgment also mistakenly recites that the trial court "found [Stewart] guilty" and then sentenced him to deferred adjudication for five years. The judgment further incorrectly states that Stewart "entered a plea of guilty to the offense."

substantiated Stewart's guilt. At the sentencing hearing, the trial court deferred adjudication and placed Stewart on community supervision for a term of five years and assessed a fine of $1,000. Subsequently, the State filed a motion to revoke the unadjudicated probation alleging that Stewart violated six terms of community supervision. Stewart pleaded true to three of the alleged violations, whereupon the trial court revoked Stewart's community supervision, adjudicated him guilty of the indicted offense, and sentenced him to confinement for a term of twelve years. Stewart contends, by one issue, that the trial court abused its discretion in revoking his deferred adjudication community supervision. We affirm.

## I. STANDARD OF REVIEW

Our review of an order revoking community supervision is limited to the question of whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). Under this standard, all that is essentially required is some evidence to support the trial court's decision. *Davila v. State*, 173 S.W.3d 195, 197 (Tex. App.–Corpus Christi 2005, no. pet.).

## II. ANALYSIS

Stewart argues that the trial court abused its discretion because it "based its decision to revoke [his] community supervision upon a phantom plea of guilty."[2] Stewart appears to complain that the trial court revoked his community supervision based on the mistaken belief that Stewart had pleaded guilty to the offense before the trial court deferred

---

The State acknowledges the discrepancy, and asks that we correct the judgment to reflect that Stewart pleaded "no contest."

[2] Effective June 15, 2007, a defendant is permitted to appeal a trial court's decision to proceed to an adjudication of guilt on the original charge, which "is reviewable in the same manner as a revocation hearing conducted under Section 21 of this article in a case in which an adjudication of guilt had not been deferred." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2007); *Drugan v. State*, 240 S.W.3d 875, 878 n.1 (Tex. Crim. App. 2007).

adjudication. However, based on our review of the record, the trial court proceeded to revoke Stewart's community supervision only after Stewart pleaded "true" to three allegations in the State's amended motion to revoke. After Stewart pleaded "true" to the State's allegations, the trial court found that there was sufficient evidence to support the State's motion "by a preponderance of the evidence or greater." *See id.* (providing that in a revocation proceeding the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke). Stewart's pleas of "true" to three of the violations alleged by the State are sufficient to support the trial court's revocation of his community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) ("[A]ppellant's plea of true, standing alone, is sufficient to support the revocation of probation."); *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.–Corpus Christi 2003, no pet.) ("Pleas of true, standing alone, support revocation of community supervision."). Therefore, we conclude that the trial court did not abuse its discretion when it revoked Stewart's community supervision. *See Rickels*, 202 S.W.3d at 763. We overrule Stewart's sole issue.

### III. CONCLUSION

We modify the trial court's judgment to reflect that appellant pleaded "no contest" to the offense, and we affirm the trial court's judgment as modified. *See* TEX. R. APP. P. 43.

_____

_____      
_____ NELDA V. RODRIGUEZ  
Justice

Do not publish.  
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and  
filed this 21st day of August, 2008.

3