NUMBER 13-07-00622-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


PRINCE IVORY STEWART, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the Criminal District Court 

of Harris County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant, Prince Ivory Stewart, was indicted by the grand jury for the offense of
indecency with a child. See Tex. Penal. Code Ann. § 21.11(a)(1) (Vernon 2003). After
Stewart pleaded no contest, (1) the trial court found that the evidence presented
substantiated Stewart's guilt. At the sentencing hearing, the trial court deferred
adjudication and placed Stewart on community supervision for a term of five years and
assessed a fine of $1,000. Subsequently, the State filed a motion to revoke the
unadjudicated probation alleging that Stewart violated six terms of community supervision. 
Stewart pleaded true to three of the alleged violations, whereupon the trial court revoked
Stewart's community supervision, adjudicated him guilty of the indicted offense, and
sentenced him to confinement for a term of twelve years. Stewart contends, by one issue,
that the trial court abused its discretion in revoking his deferred adjudication community
supervision. We affirm.

I. Standard of Review

 Our review of an order revoking community supervision is limited to the question of
whether the trial court abused its discretion. Rickels v. State, 202 S.W.3d 759, 763 (Tex.
Crim. App. 2006); Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). Under
this standard, all that is essentially required is some evidence to support the trial court's
decision. Davila v. State, 173 S.W.3d 195, 197 (Tex. App.-Corpus Christi 2005, no. pet.).

II. Analysis Stewart argues that the trial court abused its discretion because it "based its
decision to revoke [his] community supervision upon a phantom plea of guilty." (2) Stewart
appears to complain that the trial court revoked his community supervision based on the
mistaken belief that Stewart had pleaded guilty to the offense before the trial court deferred
adjudication. However, based on our review of the record, the trial court proceeded to
revoke Stewart's community supervision only after Stewart pleaded "true" to three
allegations in the State's amended motion to revoke. After Stewart pleaded "true" to the
State's allegations, the trial court found that there was sufficient evidence to support the
State's motion "by a preponderance of the evidence or greater." See id. (providing that in
a revocation proceeding the State must prove by a preponderance of the evidence that the
defendant violated a condition of community supervision as alleged in the motion to
revoke). Stewart's pleas of "true" to three of the violations alleged by the State are
sufficient to support the trial court's revocation of his community supervision. See Cole v.
State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) ("[A]ppellant's plea of true, standing
alone, is sufficient to support the revocation of probation."); Jones v. State, 112 S.W.3d
266, 268 (Tex. App.-Corpus Christi 2003, no pet.) ("Pleas of true, standing alone, support
revocation of community supervision."). Therefore, we conclude that the trial court did not
abuse its discretion when it revoked Stewart's community supervision. See Rickels, 202
S.W.3d at 763. We overrule Stewart's sole issue.

III. Conclusion

 We modify the trial court's judgment to reflect that appellant pleaded "no contest"
to the offense, and we affirm the trial court's judgment as modified. See Tex. R. App. P.
43. 

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 21st day of August, 2008.
1. Although the reporter's record shows that Stewart pleaded "no contest" to the charge, at the
revocation hearing, the trial court mistakenly stated that Stewart pleaded "guilty." The judgment also
mistakenly recites that the trial court "found [Stewart] guilty" and then sentenced him to deferred adjudication
for five years. The judgment further incorrectly states that Stewart "entered a plea of guilty to the offense." 
The State acknowledges the discrepancy, and asks that we correct the judgment to reflect that Stewart
pleaded "no contest."
2. Effective June 15, 2007, a defendant is permitted to appeal a trial court's decision to proceed to an
adjudication of guilt on the original charge, which "is reviewable in the same manner as a revocation hearing
conducted under Section 21 of this article in a case in which an adjudication of guilt had not been deferred." 
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2007); Drugan v. State, 240 S.W.3d 875, 878
n.1 (Tex. Crim. App. 2007).