# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00647-CR

**David Uriegas, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 04-1202-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In April 2005, appellant David Uriegas was placed on deferred adjudication supervision after he pleaded guilty to assault with family violence, second offense. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (West Supp. 2008). In October 2007, following a hearing on the State's motion to adjudicate, the district court adjudged appellant guilty and imposed a ten-year prison sentence. In his only point of error, appellant contends that the evidence is insufficient to support the court's finding that he violated his supervisory conditions. We will overrule this contention and affirm the conviction.

The State's motion to adjudicate alleged that appellant violated the terms of his supervision by committing five different assaults and by failing to pay his supervision and urinalysis fees for three months. Appellant pleaded true to the alleged failure to pay his fees, but he denied

committing the assaults. The trial court found all of the allegations to be true. Appellant contends that the evidence is factually insufficient to support the court's findings.

The decision to proceed to adjudication of guilt is reviewable in the same manner as a revocation of "ordinary" community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2008). Although appellant has stated his point of error as a challenge to the factual sufficiency of the evidence, he concedes in his brief that the factual sufficiency standard of review applicable to findings of guilt does not apply to revocation cases. *See Davila v. State*, 173 S.W.3d 195, 198 (Tex. App.—Corpus Christi 2005, no pet.); *Allbright v. State*, 13 S.W.3d 817, 818 (Tex. App.—Fort Worth 2000, pet. ref'd). Instead, we review a decision to revoke community supervision, and by extension a decision to adjudicate, for an abuse of discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In this review, we consider the evidence presented at the hearing in the light most favorable to the trial court's findings. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.).

An order revoking community supervision must be supported by a preponderance of the evidence. *Cardona*, 665 S.W.2d at 493. One ground for revocation, if proven, is sufficient to revoke a defendant's community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). A plea of true to an alleged violation, standing alone, is sufficient to support a revocation of supervision on that ground. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Atchison v. State*, 124 S.W.3d 755, 758 n.4 (Tex. App.—Austin 2003, pet. ref'd).

Appellant contends that the State failed to prove by a preponderance of the evidence that he was able to pay the supervision and urinalysis fees. *See* Tex. Code Crim. Proc. Ann. art.

42.12, § 21(c) (West Supp. 2008). Appellant's plea of true relieved the State of this burden, however. Having pleaded true to the alleged nonpayment of fees, appellant cannot now challenge the sufficiency of the evidence to support the trial court's finding that the allegations were true. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979).

We have also reviewed the evidence regarding the alleged assaults. Michelle Hernandez, the complainant in all five of the assaults, testified that appellant struck, shoved, and choked her on four occasions in 2006 and once in 2007. Photographs of Hernandez taken after the last assault were introduced in evidence. Hernandez's son testified to the injuries she received in one of the 2006 assaults. In his defense, appellant offered the testimony of several witnesses to the effect that Hernandez had assaulted him. Viewing the evidence at the adjudication hearing in the light most favorable to the trial court's findings, we conclude that the State proved by a preponderance of the evidence that appellant assaulted Hernandez as alleged.

The trial court has not been shown to have abused its discretion by proceeding to adjudication. The point of error is overruled, and the judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed

Filed: December 30, 2008

Do Not Publish

3