NOS. 07-08-00282-CR, 07-08-00283-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 21, 2010

_____

JARMAL BRISCOE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY;

NO. 0929049D; HONORABLE MOLLEE WESTFALL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Jarmal Briscoe appeals from the trial court's judgment adjudicating him guilty of aggravated robbery in two separate causes, revoking his community supervision, and sentencing him to two concurrent twenty-year terms in the Institutional Division of the Texas Department of Criminal Justice. By two issues, appellant contends the trial court abused its discretion in revoking his community supervision because the evidence presented at the hearing was insufficient to show appellant committed misdemeanor assault as alleged in the State's petition. Finding the court did not abuse its discretion, we affirm.

Background

On July 22, 2004, the State indicted appellant, in two causes, for aggravated robbery with a deadly weapon, a firearm.[1]  The record shows that appellant, on an open plea to the court, plead guilty in each cause.  The trial court suspended imposition of appellant's sentences and placed him on deferred adjudication community supervision for a period of eight years.  Appellant's community supervision was subject to certain terms and conditions, including that appellant commit no offense against the State of Texas.  *See* Tex. Code Crim. Proc. Ann. art. 42.12, §§ 2(2), 3, 11(a)(1) (Vernon Supp. 2007).

After the conditions of community supervision were once modified, the State filed its Second Petition to Proceed to Adjudication alleging appellant committed a new offense of assault on January 7, 2008.[2]

Appellant plead "not true" to each of the State's allegations.  The only allegation at issue is the allegation appellant assaulted another man in January 2008.  In support of its allegations, the State presented the testimony of the victim and two other witnesses who said they saw the assault.  Appellant and Jennifer Downs, the mother of his children, presented his version of the events.  Testimony indicated an altercation

---

[1]  *See* Tex. Penal Code Ann. § 29.03 (Vernon 2003).

[2]  The State alleged appellant "did then and there intentionally or knowingly cause bodily injury to [male], by hitting him with a bottle, or punching him with his fist, or hitting him with his hand." The State also alleged appellant failed to pay required fees and costs, and failed to participate and complete required community service.  The trial court did not find these allegations to be true.

ensued when appellant visited the home of Ms. Downs, who then was dating the victim. The State's evidence showed appellant hit the victim in the head with a beer bottle. Appellant's evidence asserted appellant did not initiate the contact and he acted in self-defense. The court heard this evidence and found the State's allegation to be true, revoked appellant's community supervision, and sentenced him as noted. This appeal followed.

Analysis

In appellant's issues, he contends the trial court abused its discretion in revoking his community supervision because the evidence presented at the hearing failed to establish that appellant committed the January 2008 assault. We disagree, finding the State satisfied its burden and the trial court did not abuse its discretion.

Appellate review of an order revoking community supervision is limited to review for abuse of a trial court's discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006), *quoting Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App. 1984). In determining questions regarding sufficiency of the evidence in community supervision revocation cases, the burden of proof is by a preponderance of the evidence. *Id.* An order revoking community supervision must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his community supervision. *Id.* at 763-64, *citing Scamardo v. State,* 517 S.W.2d 293, 298 (Tex.Crim.App. 1974). We must view the evidence in a light most favorable to the verdict. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex.Crim.App. 1981).

3

*See also Browder v. State,* 109 S.W.3d 484, 485 (Tex.Crim.App. 2003). At the hearing of a motion to revoke community supervision, the judge is the sole fact-finder and in that role is empowered to make credibility determinations. *Garrett,* 619 S.W.2d 172, 174 (Tex.Crim.App. 1981), *Duhon v. State,* No. 07-07-0064-CR, 2007 WL 2847315 (Tex.App.–Amarillo Oct. 2, 2007, no pet.) (mem. op., not designated for publication).

Appellant's argument regarding the application of the law to the facts of his case concedes that several Texas appellate courts hold that evidence supporting a revocation finding may not be reviewed for factual sufficiency. *See, e.g., Pierce v. State,* 113 S.W.3d 431, 436 (Tex.App.–Texarkana 2003, pet. ref'd); *Becker v. State,* 33 S.W.3d 64, 66 (Tex.App.–El Paso 2000, no pet.) (so holding). This court, and the Fort Worth Court of Appeals from which this case was transferred,[3] are among them. *Newton v. State,* No. 07-08-0136-CR, 2008 WL 4901244 (Tex.App.–Amarillo Nov. 14, 2008, no pet.) (mem. op., not designated for publication) (considering the administrative nature of a revocation proceeding and the trial court's broad discretion, the general standards for reviewing factual sufficiency do not apply); *Johnson v. State,* 2 S.W.3d 685, 687 (Tex.App.–Fort Worth 1999, no pet.). *See also Duhon,* No. 07-07-0064-CR, 2007 WL 2847315, *citing Davila v. State,* 173 S.W.3d 195, 198 (Tex.App.–Corpus Christi 2005, no pet.) (collecting cases) (factual sufficiency review is inapplicable to the hearing of a motion to revoke community supervision). However, citing to a child custody case, *In re S.W.H.,* 72 S.W.3d 772, 776 (Tex.App.–Fort Worth 2002, no pet.), appellant urges us to consider factual sufficiency here. We decline to do so. We will

---

[3] *See* Tex. Gov't Code Ann. § 73.001 (Vernon 2005).

instead review the evidence presented at the hearing to determine whether the State satisfied its burden of proving at least one violation by a preponderance of the evidence.

As noted, at the hearing, the State presented evidence appellant hit the victim with a bottle. Its evidence showed appellant arrived at the apartment of Ms. Downs, his former girlfriend, where three other individuals, one other female and two males, were present. At the time, Downs and the victim were dating. Appellant came to the apartment to retrieve some of his belongings. The victim was sitting on the couch when appellant reached around him to take a picture off the wall. According to the victim and two other individuals present, appellant "bumped" the victim. The victim said he offered to move if necessary but appellant "got mad or whatever, and then he hit [Downs], and he hit me with a bottle." The victim testified that appellant hit the left part of the victim's head with the bottle and the bottle broke, causing him pain. The State introduced four photographs in conjunction with the victim's testimony. The two other individuals present that evening also testified that appellant hit the victim with a bottle and that the victim did nothing to provoke appellant's assault.

As the State acknowledges, Downs testified appellant did not hit the victim with a bottle. However, she admitted at the hearing she had given police different versions of the events, including telling police appellant pulled a bottle out of his pocket and hit the victim with it. She acknowledged she also had told police appellant had hit her. Her testimony at the hearing included the assertion the victim "swung at and went after"

appellant.[4] She explained this version came "from me and not from what other people are telling me to say."

Appellant testified he did not assault the victim with the bottle. He agreed he went to Downs' apartment to retrieve his belongings. When he got there, four people were present. One of them, the victim, was sitting on the couch when appellant reached over his head to get a picture off the wall. Appellant testified the victim said he should have asked him to move. Appellant then testified the victim "stood up in [his] face or whatever, and we exchanged words, and he pushed me– . . . and I hit him . . . [with] my fist." Appellant denied having a bottle or hitting the victim with the bottle but acknowledged he and the victim "were in a fight." He stated he was defending himself and agreed that the victim was bigger and weighed more than he. Appellant also denied hitting, striking or pushing Downs that night.

On cross-examination, appellant denied bumping the victim, denied hitting him with a bottle, and denied hitting Downs. He did admit to throwing and breaking a phone, an event testified to by other witnesses. He again testified that the victim began pushing and hitting him with no provocation from appellant at all. He maintained he acted in self-defense. At the close of the evidence and after hearing counsel's arguments, the court found the State's allegation regarding the assault to be "true," found appellant violated the terms of his probation, and adjudicated him guilty of the underlying offense of aggravated robbery with a deadly weapon.

---

[4] Evidence at the hearing indicated appellant and Downs reconciled shortly after the incident in question.

6

As noted, reviewing the sufficiency of evidence supporting revocation of probation, we view the evidence in a light most favorable to the trial court's action. Bearing that standard in mind, and recalling that at such a hearing the trial court, as fact-finder, determines the credibility of the witnesses, we find the trial court here reasonably could have believed the version of events described by the victim and two witnesses and disbelieved the version recounted by appellant and Downs. We overrule appellant's issues and affirm the judgment of the trial court in each cause.

James. T. Campbell
Justice

Do not publish.

7