# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00537-CR

**The State of Texas, Appellant**

**v.**

**Richard Brian Smith, Appellee**

---

**FROM COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY**
**NO. C-1-CR-08-402275, HONORABLE NANCY HOHENGARTEN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The State appeals from an order granting Richard Smith's motion to exclude expert testimony. *See* Tex. Crim. Proc. Code Ann. art. 44.01(a)(5) (West Supp. 2010). The State charged Smith with boating while intoxicated. Tex. Penal Code Ann. § 49.06 (West 2003). Before trial, the State informed Smith that it planned to offer expert testimony involving "retrograde extrapolation," a technique by which blood-alcohol content ("BAC") at some earlier time is estimated using the results of testing done at a later time. *Douthitt v. State*, 127 S.W.3d 327, 333 (Tex. App.—Austin 2004, no pet.). Smith filed a motion to exclude the State's expert testimony, arguing that the record contained insufficient data for an expert to form a reliable opinion. The trial court granted Smith's motion, and the State appeals. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts relevant to this appeal are undisputed. At approximately 6:29 p.m. on June 9, 2007, Smith was involved in a boating accident. He was transported to an emergency room, where, at 8:00 p.m., medical personnel took a blood sample that revealed a 0.081 serum-alcohol concentration. For purposes of this appeal, the parties agree that this value translates to a BAC of 0.068.[1]

Emergency-room records indicate that Smith weighed 200 pounds upon admission and had consumed his "last meal/fluids" at 5:00 p.m. The records do not indicate, however, exactly what Smith ate or drank at 5:00 p.m. Smith gave a written statement the next day in which he claimed that before the accident he drank "about three Natural Light beers" at approximately 1:00 p.m.

The State charged Smith with boating while intoxicated. *See* Tex. Penal Code § 49.06. The State informed Smith that it planned to call an expert witness who would, using Smith's emergency-room serum-alcohol test results, perform a retrograde extrapolation to estimate Smith's BAC at the time of his accident. Smith filed a motion to exclude such expert testimony, arguing that there was not enough information in the record for the State's expert to form a reliable opinion. The State filed a response to the motion that included the documents its expert would rely

---

[1] In the motion that led to this appeal, Smith also moved to suppress the results of the serum-alcohol test "because an attempt to convert the results of a serum-alcohol test to [BAC] is not scientifically reliable." Such a conversion is necessary because the penal code defines "alcohol concentration" in terms of whole-blood (i.e., BAC) levels, not serum levels. *See* Tex. Penal Code Ann. § 49.01(1)(B) (West 2003). For purposes of this appeal, however, Smith stipulates that his serum-alcohol concentration of 0.081 translates to a BAC of 0.068.

on (namely, Smith's emergency-room records and written statement) as well as a chart that summarized the most salient information from those documents.

The trial court held a hearing on Smith's motion. The State chose not to call any witnesses,[2] but Smith called Sheryl Peyton, a retrograde-extrapolation expert who had testified for the State in other cases. Peyton opined that there was not enough information in the record to support a reliable retrograde extrapolation. The court ultimately granted Smith's motion, and the State appealed.

## STANDARD OF REVIEW

We review the trial court's ruling on a motion to exclude scientific evidence for an abuse of discretion. *See Mata v. State*, 46 S.W.3d 902, 908 (Tex. Crim. App. 2001). A trial court abuses its discretion when its ruling is arbitrary or unreasonable. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).

## DISCUSSION

The State raises a single issue: "Was it an abuse of the trial court's discretion to exclude any testimony extrapolating an alcohol concentration level from the Defendant's blood test result?" The parties agree that *Mata* outlines the factors courts should consider when deciding whether to admit retrograde-extrapolation testimony. *See* 46 S.W.3d at 908-17. We agree that *Mata* guides such decisions when retrograde-extrapolation testimony is properly presented, but here

---

[2] This decision appears to have been tactical, but we note that we have not found another case in which a party chose not to call its expert witness in analogous circumstances.

3

a *Mata* analysis is unnecessary because the State failed to carry its evidentiary burden for more basic reasons.

The proponent of scientific evidence must show the court, by clear and convincing evidence, that the evidence is reliable. *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008). To show reliability, the proponent of the scientific evidence must demonstrate that (1) the underlying theory is valid; (2) the technique applying the theory is valid; and (3) the technique was properly applied on the occasion in question. *Id*. Here, the State did not call its expert witness to testify. As a result, it presented no evidence on issues (2) and (3).[3] That is to say, rather than offering evidence on how its expert would properly perform retrograde extrapolation, the State simply submitted data and left the court to reach its own conclusions about what the State's expert would do with them.

The only contested issue at the pre-trial hearing was whether the record contained sufficient facts to support reliable expert testimony. What the State failed to appreciate is that this issue cannot be resolved simply by summarizing the facts in the record; logically, the "sufficiency" of the facts depends on what an expert proposes to do with them. Thus, to establish that the record contained sufficient facts to support reliable expert testimony, the State needed not only to offer facts but also to explain how its expert would employ the facts in a retrograde-extrapolation analysis. The State presented no evidence on the latter issue, leaving the trial court to fill in the blanks.

---

[3] This lack of evidence is not what the parties focus on in their appellate briefing, but it is a sufficient basis for us to affirm the trial court's order. *See Romero v. State*, 800 S.W.2d 539, 543-44 (Tex. Crim. App. 1990) (we affirm trial court's evidentiary ruling if it is correct on any applicable legal theory).

The State's failure to present expert testimony is compounded by the fact that Smith *did* present expert testimony. Smith called Sheryl Peyton, who discussed retrograde extrapolation and testified that it could not be performed reliably on this record. The State presented no expert testimony to contradict Peyton.[4] In other words, all expert testimony received by the court favored Smith. In such circumstances, we cannot conclude that the court's decision was outside the "zone of reasonable disagreement." *Bigon*, 252 S.W.3d at 367; *see also Davila v. State*, 173 S.W.3d 195, 197 (Tex. App.—Corpus Christi 2005, no pet.) ("When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court.").

Before closing, we note that it is apparent from statements made in its brief that the State considers *Mata* to be an unsatisfactory guide for determining the admissibility of retrograde-extrapolation testimony. In particular, the State dislikes *Mata*'s consideration of the defendant's personal characteristics and behavior. The State argues that the *Mata* guidelines should be replaced by what the State calls a "bright-line admissibility rule." Under this proposed rule, only four factors would be considered in conducting a retrograde extrapolation: the time of the incident in question, the time of the alcohol-concentration test, the test result, and the average rate of elimination of alcohol from the body. The State would plug these four factors into a proposed mathematical formula to produce a "maximum alcohol concentration" figure. If that concentration exceeded .08, retrograde-extrapolation testimony would be presumptively admissible.

We express no opinion as to the wisdom of the State's proposed rule. Instead, we note that the State did not present its argument to the trial court or make any attempt to demonstrate

---

[4] Nor does the State argue that the trial court should not have considered Peyton's testimony.

that its proposed formula is sufficient to establish the reliability and relevance of retrograde-extrapolation testimony in this or any other case. Thus, even if this Court were in a position to disregard *Mata* and adopt the State's proposal, which we are not, the present record would not support our doing so.

For the reasons detailed above, we affirm the trial court's order.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   December 23, 2010

Do Not Publish