TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00537-CR






The State of Texas, Appellant


v.


Richard Brian Smith, Appellee






FROM COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY

NO. C-1-CR-08-402275, HONORABLE NANCY HOHENGARTEN, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 The State appeals from an order granting Richard Smith's motion to exclude expert
testimony. See Tex. Crim. Proc. Code Ann. art. 44.01(a)(5) (West Supp. 2010). The State charged
Smith with boating while intoxicated. Tex. Penal Code Ann. § 49.06 (West 2003). Before trial, the
State informed Smith that it planned to offer expert testimony involving "retrograde extrapolation,"
a technique by which blood-alcohol content ("BAC") at some earlier time is estimated using the
results of testing done at a later time. Douthitt v. State, 127 S.W.3d 327, 333 (Tex. App.--Austin
2004, no pet.). Smith filed a motion to exclude the State's expert testimony, arguing that the record
contained insufficient data for an expert to form a reliable opinion. The trial court granted Smith's
motion, and the State appeals. We affirm.




FACTUAL AND PROCEDURAL BACKGROUND

 The facts relevant to this appeal are undisputed. At approximately 6:29 p.m. on
June 9, 2007, Smith was involved in a boating accident. He was transported to an emergency room,
where, at 8:00 p.m., medical personnel took a blood sample that revealed a 0.081 serum-alcohol
concentration. For purposes of this appeal, the parties agree that this value translates to a
BAC of 0.068. (1) 

 Emergency-room records indicate that Smith weighed 200 pounds upon admission
and had consumed his "last meal/fluids" at 5:00 p.m. The records do not indicate, however,
exactly what Smith ate or drank at 5:00 p.m. Smith gave a written statement the next day in
which he claimed that before the accident he drank "about three Natural Light beers" at
approximately 1:00 p.m.

 The State charged Smith with boating while intoxicated. See Tex. Penal Code
§ 49.06. The State informed Smith that it planned to call an expert witness who would, using
Smith's emergency-room serum-alcohol test results, perform a retrograde extrapolation to estimate
Smith's BAC at the time of his accident. Smith filed a motion to exclude such expert testimony,
arguing that there was not enough information in the record for the State's expert to form a reliable
opinion. The State filed a response to the motion that included the documents its expert would rely
on (namely, Smith's emergency-room records and written statement) as well as a chart that
summarized the most salient information from those documents.

 The trial court held a hearing on Smith's motion. The State chose not to call any
witnesses, (2) but Smith called Sheryl Peyton, a retrograde-extrapolation expert who had testified for
the State in other cases. Peyton opined that there was not enough information in the record to
support a reliable retrograde extrapolation. The court ultimately granted Smith's motion, and the
State appealed.


STANDARD OF REVIEW

 We review the trial court's ruling on a motion to exclude scientific evidence for an
abuse of discretion. See Mata v. State, 46 S.W.3d 902, 908 (Tex. Crim. App. 2001). A trial court
abuses its discretion when its ruling is arbitrary or unreasonable. State v. Mechler, 153 S.W.3d 435,
439 (Tex. Crim. App. 2005). 


DISCUSSION

 The State raises a single issue: "Was it an abuse of the trial court's discretion to
exclude any testimony extrapolating an alcohol concentration level from the Defendant's blood test
result?" The parties agree that Mata outlines the factors courts should consider when deciding
whether to admit retrograde-extrapolation testimony. See 46 S.W.3d at 908-17. We agree that Mata
guides such decisions when retrograde-extrapolation testimony is properly presented, but here
a Mata analysis is unnecessary because the State failed to carry its evidentiary burden for more
basic reasons.

 The proponent of scientific evidence must show the court, by clear and convincing
evidence, that the evidence is reliable. Bigon v. State, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).
To show reliability, the proponent of the scientific evidence must demonstrate that (1) the underlying
theory is valid; (2) the technique applying the theory is valid; and (3) the technique was properly
applied on the occasion in question. Id. Here, the State did not call its expert witness to testify. As
a result, it presented no evidence on issues (2) and (3). (3) That is to say, rather than offering evidence
on how its expert would properly perform retrograde extrapolation, the State simply submitted data
and left the court to reach its own conclusions about what the State's expert would do with them.

 The only contested issue at the pre-trial hearing was whether the record contained
sufficient facts to support reliable expert testimony. What the State failed to appreciate is that this
issue cannot be resolved simply by summarizing the facts in the record; logically, the "sufficiency"
of the facts depends on what an expert proposes to do with them. Thus, to establish that the record
contained sufficient facts to support reliable expert testimony, the State needed not only to offer facts
but also to explain how its expert would employ the facts in a retrograde-extrapolation analysis. The
State presented no evidence on the latter issue, leaving the trial court to fill in the blanks. 

 The State's failure to present expert testimony is compounded by the fact that Smith
did present expert testimony. Smith called Sheryl Peyton, who discussed retrograde extrapolation
and testified that it could not be performed reliably on this record. The State presented no expert
testimony to contradict Peyton. (4) In other words, all expert testimony received by the court favored
Smith. In such circumstances, we cannot conclude that the court's decision was outside the "zone
of reasonable disagreement." Bigon, 252 S.W.3d at 367; see also Davila v. State, 173 S.W.3d 195,
197 (Tex. App.--Corpus Christi 2005, no pet.) ("When the standard of review is abuse of discretion,
the record must simply contain some evidence to support the decision made by the trial court.").

 Before closing, we note that it is apparent from statements made in its brief that the
State considers Mata to be an unsatisfactory guide for determining the admissibility of retrograde-extrapolation testimony. In particular, the State dislikes Mata's consideration of the defendant's
personal characteristics and behavior. The State argues that the Mata guidelines should be replaced
by what the State calls a "bright-line admissibility rule." Under this proposed rule, only four factors
would be considered in conducting a retrograde extrapolation: the time of the incident in question,
the time of the alcohol-concentration test, the test result, and the average rate of elimination of
alcohol from the body. The State would plug these four factors into a proposed mathematical
formula to produce a "maximum alcohol concentration" figure. If that concentration exceeded .08,
retrograde-extrapolation testimony would be presumptively admissible.

 We express no opinion as to the wisdom of the State's proposed rule. Instead, we
note that the State did not present its argument to the trial court or make any attempt to demonstrate
that its proposed formula is sufficient to establish the reliability and relevance of retrograde-extrapolation testimony in this or any other case. Thus, even if this Court were in a position to
disregard Mata and adopt the State's proposal, which we are not, the present record would not
support our doing so.

 For the reasons detailed above, we affirm the trial court's order.

 


 __________________________________________

 David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: December 23, 2010

Do Not Publish

 
1. In the motion that led to this appeal, Smith also moved to suppress the results of the serum-alcohol test "because an attempt to convert the results of a serum-alcohol test to [BAC] is not
scientifically reliable." Such a conversion is necessary because the penal code defines "alcohol
concentration" in terms of whole-blood (i.e., BAC) levels, not serum levels. See Tex. Penal Code
Ann. § 49.01(1)(B) (West 2003). For purposes of this appeal, however, Smith stipulates that his
serum-alcohol concentration of 0.081 translates to a BAC of 0.068.
2. This decision appears to have been tactical, but we note that we have not found another
case in which a party chose not to call its expert witness in analogous circumstances.
3. This lack of evidence is not what the parties focus on in their appellate briefing, but it is
a sufficient basis for us to affirm the trial court's order. See Romero v. State, 800 S.W.2d 539, 543-44 (Tex. Crim. App. 1990) (we affirm trial court's evidentiary ruling if it is correct on any applicable
legal theory). 
4. Nor does the State argue that the trial court should not have considered Peyton's testimony.