NO. 07-08-00255-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
21, 2010

 



 

THOMAS ALBERT ARENDER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 40TH DISTRICT COURT OF ELLIS
COUNTY;

 

NO. 27480CR; HONORABLE GENE KNIZE, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant Thomas
Albert Arender appeals from the order revoking his community supervision, adjudicating him guilty of two counts of aggravated
sexual assault of a child, and imposing a sentence that includes life
imprisonment for each count in the Institutional Division of the Texas
Department of Criminal Justice.  By his
eight points of error, appellant contends that the trial court abused its
discretion in revoking appellant=s community supervision and adjudicating him guilty
because the evidence did not prove at least one alleged violation by a
preponderance of the evidence and was factually insufficient to prove the
violations.  Finding sufficient evidence
to support the trial court=s judgment, we affirm the judgment as modified.

Background

In September 2003, appellant was charged by a
two-count indictment with the offense of aggravated sexual assault of a child.[1]   In April 2004, appellant plead guilty.  The trial court entered an order deferring
adjudication, placed appellant on community supervision for a term of ten years
and imposed a $5000 fine.  Appellant=s deferred
adjudication was conditioned on his compliance with specified terms and
conditions.

 The State filed its second amended motion to
revoke in October 2007, alleging numerous violations including the commission
of a criminal offense, use of illicit substances and alcohol, leaving the
county without permission, failing to pay fees, costs, restitution and fines
despite being employed, failure to comply with curfew, having unsupervised
visits with young children, failing to successfully complete sexual offender
treatment, viewing pornography, and tampering with an electronic monitoring
device.  After hearing the evidence
presented at the hearing, the court revoked appellant=s community
supervision and sentenced him as we have noted. 
Appellant timely appealed.

Analysis

In each
of appellant=s first seven issues, he contends the
trial court abused its discretion in finding the evidence presented proved the
violations by a preponderance of the evidence. 
We disagree.

 

Applicable Law

In a community supervision revocation
hearing, the State has the burden of proving by a preponderance of the evidence
that a condition of community supervision has been violated.  Rickels v. State,
202 S.W.3d 759, 763 (Tex.Crim.App. 2006); Jenkins v. State, 740 S.W.2d
435 (Tex.Crim.App. 1983).  Proof
of one violation of the terms and conditions of community supervision is sufficient
to support the revocation.  McDonald v. State, 608 S.W.2d 192 (Tex.Crim.App. 1980); Taylor
v. State, 604 S.W.2d 175 (Tex.Crim.App. 1980).  The trial court is the trier of the facts and
determines the weight and credibility of the testimony.  Garret v. State, 619
S.W.2d 172 (Tex.Crim.App. 1981); Barnett v. State, 615 S.W.2d 220
(Tex.Crim.App. 1981).  Appellate
review of an order revoking community supervision is limited to the issue of
whether the trial court abused its discretion. 
Speth v. State, 6 S.W.3d 530, 533 (Tex.Crim.App. 1999), citing
Flournoy v. State, 589 S.W.2d 705, 707 (Tex.Crim.App. 1979). If the State
does not meet its burden of
proof, the trial court abuses
its discretion by revoking the
defendant's probation. Cardona v. State, 665 S.W.2d 492, 493-94 (Tex.Crim.App.1984).

Trial Court Did Not
Abuse Its Discretion In Revoking Appellant’s Community
Supervision

At the hearing,
the State introduced a certified copy of the judgment and sentence relating to
appellant=s no contest plea in August 2006 in
connection with the offense of driving with an invalid license. The State also
presented a fingerprint expert to connect appellant with this offense. 

The State also
introduced evidence to show that during the pre-sentence investigation in
September 2007, appellant admitted using cocaine, heroin, marijuana and LSD
while on probation.  Appellant tested
positive for illegal substances on at least one occasion.  Appellant=s community
supervision officer testified appellant admitted to drinking alcohol and the
officer observed empty beer cases and cans around appellant=s residence. 

The officer also
testified that in July 2007, he discovered a “tamper warning” from appellant=s electronic ankle
monitor and on examining the unit, found it appeared the band had been
stretched to the point where it could be removed.  The officer stated that even after changing
appellant=s electronic monitor to a GPS unit, there
was evidence of tampering.   

We find ample
evidence to show appellant failed to follow at least one of the terms and
conditions of his community supervision. See
Trevino v. State, 218 S.W.3d 234,
240 (Tex.App.BHouston [14th
Dist.] 2007, no pet.) citing Greer v. State, 999 S.W.2d
484, 486 (Tex.App.BHouston [14th
Dist.] 1999, pet.
ref=d) (proof of one violation of the
terms and conditions of community supervision is sufficient to support the
revocation). The preponderance of the evidence supports the trial court’s revocation
and we find no abuse of discretion.  We
overrule appellant=s issues 1-7.

Factual Insufficiency Not Applicable

In appellant=s eighth issue, he contends the
evidence presented at the hearing was factually insufficient to support the
trial court=s ruling.  As noted, we review a trial court=s decision to revoke community
supervision for an abuse of discretion.  Rickels,
202 S.W.3d at 763. 
The general standards for reviewing the factual sufficiency of the
evidence do not apply to appeals from the revocation of community
supervision.  Pierce v. State, 113
S.W.3d 431, 436 (Tex.App.BTexarkana 2003,
pet. ref=d); Cochran v. State, 78
S.W.3d 20, 27 (Tex.App.BTyler 2000, no
pet.); Newton v. State, No. 07-08-0136-CR, 2008 WL 4901244 (Tex.App.BAmarillo
Nov. 14, 2008, no pet.) (mem. op., not designated for publication) (considering the administrative nature of a revocation
proceeding and the trial court=s broad
discretion, the general standards for reviewing factual sufficiency do not
apply).  See also Duhon v. State,
No. 07-07-0064-CR, 2007 WL 2847315 (Tex.App.BAmarillo Oct. 2,
2007, no pet.), citing Davila v. State, 173 S.W.3d 195, 198 (Tex.App.BCorpus
Christi 2005, no pet.) (collecting cases) (factual sufficiency review is inapplicable to the hearing of
a motion to revoke community supervision). Rather, we review the decision to revoke community supervision
in the light most favorable to the judgment, giving deference to the trial
court as the sole trier of facts, the credibility of the witnesses, and the
weight to be given to the evidence presented. 
Garret, 619 S.W.2d at 174; Jones v. State,
787 S.W.2d 96, 97 (Tex.App.BHouston [1st Dist.] 1990,
pet. ref=d). 
A trial court does not abuse its discretion if the greater weight of
credible evidence creates a reasonable belief that a defendant violated a
condition of community supervision.  Rickels, 202 S.W.3d at 764.

As we concluded with regard to
appellant=s first seven points of error, the
trial court=s revocation of appellant=s community supervision and
adjudication of guilt was supported by a preponderance of the evidence.  We overrule appellant=s eighth point of error.

 

Reformation of
Judgment

            In our
review of the record, it came to our attention that the judgment includes a
clerical error.  Page two of the judgment
indicates appellant plead “true” to the State’s allegations.  The reporter’s record indicates appellant
plead “not true” to the State’s allegations. 


            This court has the power
to modify the judgment of the court below to make the record speak the truth
when we have the necessary information to do so. Tex. R. App. P.
43.2(b); Bigley v. State, 865 S.W.2d 26,
27-28 (Tex.Crim.App. 1993); Asberry v. State, 813 S.W.2d 526,
529-30 (Tex.App.--Dallas 1991, pet. ref'd).
"The authority of an appellate court to reform an incorrect judgment is
not dependent upon the request of any party, nor does it turn on the question
of whether a party has or has not objected in the trial court." Asberry, 813 S.W.2d at 529-30.

            Because the record unambiguously indicates appellant
plead “not true” to the State’s allegations, we modify the judgment to correct
the error.  As modified, we affirm the
judgment of the trial court.

                                                                                    

                                                                                                James T. Campbell

                                                                                                            Justice

Do not publish.  











[1]See Tex. Penal Code Ann. ' 22.021 (Vernon 2007).