NO. 07-08-00255-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 21, 2010

_____

THOMAS ALBERT ARENDER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 40TH DISTRICT COURT OF ELLIS COUNTY;

NO. 27480CR; HONORABLE GENE KNIZE, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Thomas Albert Arender appeals from the order revoking his community supervision, adjudicating him guilty of two counts of aggravated sexual assault of a child, and imposing a sentence that includes life imprisonment for each count in the Institutional Division of the Texas Department of Criminal Justice. By his eight points of error, appellant contends that the trial court abused its discretion in revoking appellant's community supervision and adjudicating him guilty because the evidence did not prove at least one alleged violation by a preponderance of the evidence and was factually insufficient to prove the violations. Finding sufficient evidence to support the trial court's judgment, we affirm the judgment as modified.

Background

In September 2003, appellant was charged by a two-count indictment with the offense of aggravated sexual assault of a child.[1]   In April 2004, appellant plead guilty. The trial court entered an order deferring adjudication, placed appellant on community supervision for a term of ten years and imposed a $5000 fine.  Appellant's deferred adjudication was conditioned on his compliance with specified terms and conditions.

The State filed its second amended motion to revoke in October 2007, alleging numerous violations including the commission of a criminal offense, use of illicit substances and alcohol, leaving the county without permission, failing to pay fees, costs, restitution and fines despite being employed, failure to comply with curfew, having unsupervised visits with young children, failing to successfully complete sexual offender treatment, viewing pornography, and tampering with an electronic monitoring device.  After hearing the evidence presented at the hearing, the court revoked appellant's community supervision and sentenced him as we have noted.  Appellant timely appealed.

## Analysis

In each of appellant's first seven issues, he contends the trial court abused its discretion in finding the evidence presented proved the violations by a preponderance of the evidence.  We disagree.

---

[1]*See* Tex. Penal Code Ann. § 22.021 (Vernon 2007).

*Applicable Law*

In a community supervision revocation hearing, the State has the burden of proving by a preponderance of the evidence that a condition of community supervision has been violated. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Jenkins v. State,* 740 S.W.2d 435 (Tex.Crim.App. 1983). Proof of one violation of the terms and conditions of community supervision is sufficient to support the revocation. *McDonald v. State,* 608 S.W.2d 192 (Tex.Crim.App. 1980); *Taylor v. State,* 604 S.W.2d 175 (Tex.Crim.App. 1980). The trial court is the trier of the facts and determines the weight and credibility of the testimony. *Garret v. State,* 619 S.W.2d 172 (Tex.Crim.App. 1981); *Barnett v. State,* 615 S.W.2d 220 (Tex.Crim.App. 1981). Appellate review of an order revoking community supervision is limited to the issue of whether the trial court abused its discretion. *Speth v. State,* 6 S.W.3d 530, 533 (Tex.Crim.App. 1999), *citing Flournoy v. State,* 589 S.W.2d 705, 707 (Tex.Crim.App. 1979). If the State does not meet its burden of proof, the trial court abuses its discretion by revoking the defendant's probation. *Cardona v. State,* 665 S.W.2d 492, 493-94 (Tex.Crim.App.1984).

*Trial Court Did Not Abuse Its Discretion In Revoking Appellant's Community Supervision*

At the hearing, the State introduced a certified copy of the judgment and sentence relating to appellant's no contest plea in August 2006 in connection with the offense of driving with an invalid license. The State also presented a fingerprint expert to connect appellant with this offense.

The State also introduced evidence to show that during the pre-sentence investigation in September 2007, appellant admitted using cocaine, heroin, marijuana

and LSD while on probation. Appellant tested positive for illegal substances on at least one occasion. Appellant's community supervision officer testified appellant admitted to drinking alcohol and the officer observed empty beer cases and cans around appellant's residence.

The officer also testified that in July 2007, he discovered a "tamper warning" from appellant's electronic ankle monitor and on examining the unit, found it appeared the band had been stretched to the point where it could be removed. The officer stated that even after changing appellant's electronic monitor to a GPS unit, there was evidence of tampering.

We find ample evidence to show appellant failed to follow at least one of the terms and conditions of his community supervision. *See Trevino v. State,* 218 S.W.3d 234, 240 (Tex.App.–Houston [14th Dist.] 2007, no pet.) *citing Greer v. State,* 999 S.W.2d 484, 486 (Tex.App.–Houston [14th Dist.] 1999, pet. ref'd) (proof of one violation of the terms and conditions of community supervision is sufficient to support the revocation). The preponderance of the evidence supports the trial court's revocation and we find no abuse of discretion. We overrule appellant's issues 1-7.

*Factual Insufficiency Not Applicable*

In appellant's eighth issue, he contends the evidence presented at the hearing was factually insufficient to support the trial court's ruling. As noted, we review a trial court's decision to revoke community supervision for an abuse of discretion. *Rickels,* 202 S.W.3d at 763. The general standards for reviewing the factual sufficiency of the

4

evidence do not apply to appeals from the revocation of community supervision. *Pierce v. State,* 113 S.W.3d 431, 436 (Tex.App.–Texarkana 2003, pet. ref'd); *Cochran v. State,* 78 S.W.3d 20, 27 (Tex.App.–Tyler 2000, no pet.); *Newton v. State,* No. 07-08-0136-CR, 2008 WL 4901244 (Tex.App.–Amarillo Nov. 14, 2008, no pet.) (mem. op., not designated for publication) (considering the administrative nature of a revocation proceeding and the trial court's broad discretion, the general standards for reviewing factual sufficiency do not apply). *See also Duhon v. State,* No. 07-07-0064-CR, 2007 WL 2847315 (Tex.App.–Amarillo Oct. 2, 2007, no pet.), *citing Davila v. State,* 173 S.W.3d 195, 198 (Tex.App.–Corpus Christi 2005, no pet.) (collecting cases) (factual sufficiency review is inapplicable to the hearing of a motion to revoke community supervision). Rather, we review the decision to revoke community supervision in the light most favorable to the judgment, giving deference to the trial court as the sole trier of facts, the credibility of the witnesses, and the weight to be given to the evidence presented. *Garret,* 619 S.W.2d at 174; *Jones v. State,* 787 S.W.2d 96, 97 (Tex.App.–Houston [1st Dist.] 1990, pet. ref'd). A trial court does not abuse its discretion if the greater weight of credible evidence creates a reasonable belief that a defendant violated a condition of community supervision. *Rickels,* 202 S.W.3d at 764.

As we concluded with regard to appellant's first seven points of error, the trial court's revocation of appellant's community supervision and adjudication of guilt was supported by a preponderance of the evidence. We overrule appellant's eighth point of error.

5

*Reformation of Judgment*

In our review of the record, it came to our attention that the judgment includes a clerical error. Page two of the judgment indicates appellant plead "true" to the State's allegations. The reporter's record indicates appellant plead "not true" to the State's allegations.

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex.App.--Dallas 1991, pet. ref'd). "The authority of an appellate court to reform an incorrect judgment is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Asberry*, 813 S.W.2d at 529-30.

Because the record unambiguously indicates appellant plead "not true" to the State's allegations, we modify the judgment to correct the error. As modified, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

6