Terry N. RICKELS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–01–042–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 7, 2002.

Sandra Reynolds, Dallas, for Appellant.

George P. Morrill, II, Dist. Atty., Beeville, for Appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

VALDEZ, Chief Justice.

Appellant, Terry Rickels, appeals the revocation of his probation.[1] He argues through three points of error that the trial court abused its discretion when it revoked his probation because: (1) the evidence was insufficient to establish that the appellant violated his probation; (2) the condition was too vague and indefinite to be enforced; and (3) the condition was an unlawful delegation of authority to the probation department.[2] We reverse the judgment revoking appellant's probation and remand the case to the trial court.

---

1. We recognize that in 1993 the Texas Legislature amended the code of criminal procedure stating that "a reference in the law to probation or deferred adjudication means community supervision as that term is defined in Section 2, Article 24.12, Code of Criminal Procedure." Act of Sep. 1, 1993, 73d Leg., R.S., ch. 900, § 4.04, 1993 Tex. Sess. Law Serv. 3746. The terms are used interchangeably in this opinion because of our references to appellant's arguments in his brief in which he uses the word probation.

2. The State did not file a brief.

## Facts

Appellant was convicted of indecency with a child by touching and indecency with a child by exposure. On January 21, 1993, appellant was placed on ten years probation. On February 28, 2000, the trial court amended appellant's conditions of probation. In doing so, it added new conditions. One condition dictated that the appellant "not go within three hundred (300) feet of any premises where children 17 years or younger congregate or gather."

On September 12, 2000, Annette Wansbrough, appellant's probation officer, received notice from the Dallas Police Department that appellant's residence might be in violation of his 300 foot "child safety zone". That same day Wansbrough, along with Field Officer Pearson and a Dallas police officer, went to appellant's home to measure the distance from his home to a nearby school.

Three witnesses testified regarding the measurements. First, Pearson testified that he measured the distance using a surveyor's wheel. His measurement, which began from the street in line with the corner of the home to the curb in front of the school, totaled 250 feet. Second, Wansbrough testified she walked with Pearson when he took his measurements. Last, Mike Christopher, a private investigator, measured the distance between the properties. Using a portable roller, he measured 262 feet diagonally from appellant's estimated property line to the school's northwest curb line. He measured 380 feet from appellant's estimated property line to the door of the school and over 400 feet from the front door of the school to appellant's front door. Christopher's final measurement was from appellant's front door to the curb of the school, measuring 296 feet.

On September 12, 2000, Wansbrough notified Bee County authorities of the alleged violation, and appellant was notified on September 19, 2000. He packed, moved, and reported his change of address on September 21, 2000.

On September 25, 2000, the State filed a Motion to Revoke Probation alleging that the appellant violated said condition. A hearing was held on November 9, 2000, at which time appellant pled not true. The trial court found the allegation to be true, revoked appellant's probation, and sentenced appellant to ten years in the Institutional Division of the Texas Department of Criminal Justice.

## Abuse of Discretion

Appellant argues through three points of error that the trial court abused its discretion in revoking his probation because: (1) the evidence was insufficient to establish that appellant violated his probation; (2) the condition was too vague and indefinite to be enforced; and (3) the condition was an unlawful delegation of authority to the probation department.

Appellate review of an order revoking community supervision is limited to whether the trial court abused its discretion. *Forrest v. State,* 805 S.W.2d 462, 464 (Tex.Crim.App.1991). An order revoking community supervision must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his community supervision. *Maxey v. State,* 49 S.W.3d 582, 584 (Tex.App.-Waco 2001, no pet.) (citing *Scamardo v. State,* 517 S.W.2d 293, 298 (Tex.Crim.App.1974)). The State is required to sustain the burden of proving the allegations of the motion to revoke community supervision. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App.1993).

One ground for revocation, if proven, is sufficient to revoke a defendant's community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App.1980). The reviewing court must view the evidence presented at the revocation hearing in the light most favorable to the court's decision. *Liggett v. State*, 998 S.W.2d 733, 736 (Tex.App.-Beaumont 1999, no pet.) (citing *Garrett v. State*, 619 S.W.2d 172, 174 (Tex.Crim.App.1981)).

In appellant's second point of error, he argues that the condition imposed on his probation was too vague and indefinite to be enforced. He argues that it was vague and indefinite because the condition does not state how the 300 foot child safety zone was to be measured.

■ We recognize the trial court's broad discretion in imposing conditions on probation. *Greathouse v. State*, 33 S.W.3d 455, 458 (Tex.App.—Houston [1st Dist.] 2000 pet. ref'd). However, the conditions must be reasonable, and must be designed to "protect or restore the community, protect or restore the victim, or punish, rehabilitate or reform the defendant." *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a) (Vernon 2002). Furthermore, conditions of probation must be "clear, explicit, and unambiguous so that the probationer understands what is expected of him." *Todd v. State*, 911 S.W.2d 807, 817 (Tex.App.El Paso 1995, no pet.). The probationer must know with certainty what he is being asked to do. *See Curtis v. State*, 548 S.W.2d 57, 58 (Tex.Crim.App. 1977).

■ In this case, the condition placed on appellant's probation states that he is not to go "within three hundred (300) feet of any premises where children 17 years or younger congregate or gather." Although specific in distance, we hold that the condition is ambiguous because it fails to specify how the child safety zone is to be mea-

sured. This ambiguity raises questions as to whether the measurements are to be made from curb to curb, door to door, or other variations. We note that under analogous situations, distance restrictions specifically state the matter in which measurements are to be made. *See Abilene Oil Dists., Inc. v. Abilene*, 712 S.W.2d 644, 645 (Tex.App.-Eastland 1986, writ ref'd n.r.e.) (zoning case in which the methods of measuring the distance from a public school to an establishment that sells alcoholic beverages is specifically outlined by TEX. ALCO. BEV. CODE ANN. § 109.33 (Vernon Supp.2002) as well as the city's zoning ordinance); *Robinson v. Dallas*, 193 S.W.2d 821, 821 (Tex.Civ.App.—Austin 1946, writ ref'd) (city ordinance stating manner in which measurements are to be made concerning the prohibition of distributing liquor permits to stores within 300 feet of churches).

Accordingly, we hold that the order was not clear, explicit, and unambiguous so that the probationer understood what was expected from him. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a) (Vernon Supp.2002).

Because of our disposition of appellant's second point of error, regarding the ambiguous nature of the condition imposed on appellant's probation, we do not address the remaining points of error. TEX. R. APP. P. 47.1.

We reverse the judgment revoking appellant's probation and remand the case to the trial court.