NUMBER 13-02-560-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI-EDINBURG

 



MARTIN OCHOA, JR., Appellant,



v.




THE STATE OF TEXAS, Appellee.

 

On appeal from the 36th District Court of Aransas County, Texas.


MEMORANDUM OPINION


Before Justices Hinojosa, Yañez, and Garza

Opinion by Justice Garza



 Appellant challenges the revocation of his community supervision. We affirm. 

 In July 2000, a jury found appellant, Martin Ochoa, Jr., guilty of robbery and assault. The jury sentenced appellant to ten
years imprisonment and imposed a fine of $10,000 for the robbery conviction and sentenced him to one year imprisonment
and imposed a fine of $4,000 for the assault conviction. Additionally, the jury recommended that the trial court suspend
appellant's ten-year sentence for the robbery conviction. The trial court accepted the jury's sentences, as well as its
suspension recommendation. Appellant served the one-year sentence for assault and was subsequently placed on ten years
community supervision for the robbery conviction. 

 In September 2002, the State filed a motion to revoke appellant's community supervision. At the hearing on the State's
motion, appellant pled "true" to the violations alleged by the State as grounds for revoking his community supervision. The
trial court granted the State's motion and sentenced appellant to eight years imprisonment. 

 Appellant's attorney has filed a brief with our court in which he states that he has reviewed the record and concludes that
appellant lacks any meritorious grounds to challenge the revocation of his community supervision and that any appeal from
the trial court's decision would be wholly frivolous. See generally Anders v. California, 386 U.S. 738 (1967). In Anders,
the United States Supreme Court determined that the constitutional right to counsel requires that court-appointed counsel
defend an indigent client on appeal to the best of her ability and that such counsel may request permission to withdraw only
if she deems the case to be wholly frivolous. Anders, 386 U.S. at 744. If counsel determines that the record will not
support any reasonable grounds on appeal, she must nonetheless file a brief referring to anything in the record that might
arguably support the appeal. Id.; see also Stafford v. State, 813 S.W.2d 503, 509-10 (Tex. Crim. App. 1991). In Penson v.
Ohio, 488 U.S. 75, 80 (1988), the Supreme Court discussed the responsibilities of an appellate court upon receiving a
"frivolous appeal" brief. The Court stated, "Once the appellate court receives the brief, it must then itself conduct 'a full
examination of all proceeding[s] to decide whether the case is wholly frivolous.'" Id.(quoting Anders, 386 U.S. at 744). 

 Here, appellant's attorney has supplied us with a brief that identifies the only possible issue for appeal as whether the trial
court abused its discretion in revoking appellant's community supervision. In the brief, appellant's attorney also states that
he has informed appellant of his right to review the record and to file a pro se brief. To date, appellant has not filed such a
brief. 

 After reviewing the record ourselves, in accordance with the Supreme Court's admonition to conduct a "full examination
of all proceedings," we cannot identify any additional grounds for appeal. 

 Appellate review of an order revoking probation is limited to whether the trial court abused its discretion. Forrest v. State,
805 S.W.2d 462, 463-64 (Tex. Crim. App. 1991). An order revoking probation must be supported by a preponderance of
the evidence. Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). The State bears the burden of proving the
allegations upon which the motion to revoke probation is premised. Id. One ground for revocation, if proven, is sufficient
to revoke a defendant's probation. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). The reviewing court must
view the evidence presented at the revocation hearing in the light most favorable to the court's decision. Garrett v. State,
619 S.W.2d 172, 174 (Tex. Crim. App. 1981); see also Rickels v. State, 69 S.W.3d 775, 778 (Tex. App.-Corpus Christi
2002, pet. granted); Liggett v. State, 998 S.W.2d 733, 736 (Tex. App.-Beaumont 1999, no pet.). A plea of true to alleged
violations of the terms of community supervision is sufficient to revoke community supervision. Cole v. State, 578 S.W.2d
127, 128 (Tex. Crim. App.1979); see also Guajardo v. State, 24 S.W.3d 423, 427 (Tex. App.-Corpus Christi 2000, pet.
granted). 

 In this case, appellant admitted to the trial court, both in person and by signed confession, that he had violated several
terms of his community supervision. We conclude that those admissions sufficiently support the trial court's decision to
revoke his community supervision and consequently, that his appeal in this case is wholly frivolous. For these reasons, we
affirm the trial court's judgment. 

 

____________________________

DORI CONTRERAS GARZA

Justice



Do not publish.

Tex.R.App.P. 47.2(b)

Opinion delivered and filed

this 22nd day of May, 2003