ACCEPTED
13-14-00677-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/27/2015 6:04:57 PM
CECILE FOY GSANGER
CLERK

FILED
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI - EDINBURG

07/27/15

CECILE FOY GSANGER, CLERK
BY  Delia S. Rodriguez

Nos. 13-14-00677-CR, 13-14-00678-CR, & 13-14-00679-CR

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/27/2015 6:04:57 PM
CECILE FOY GSANGER
Clerk

IN THE COURT OF APPEALS

FOR THE THIRTEENTH DISTRICT OF TEXAS

AT CORPUS CHRISTI

_____

JOHN DOUGLAS HOUSTON,
Appellant,

VS.

THE STATE OF TEXAS,
Appellee.

_____

On Appeal from the 94th District Court
of Nueces County, Texas
Trial Court Numbers 12-CR-2404-C, 13-CR-0268-C,
& 13-CR-3675-C

_____

BRIEF FOR THE STATE

_____

James D. Rosenkild
State Bar No. 17279200
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401-3602
(361) 888-0410
(361) 888-0254 (fax)
james.rosenkild@co.nueces.tx.us

Attorney for Appellee

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL.. . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . 2

COUNTER-STATEMENTS OF ISSUES PRESENTED FOR REVIEW. . . 2

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

A. Reply to Appellant's Issue Presented for Review No. 1:
Viewing the evidence in the light most favorable to the trial
court's ruling, and giving deference to that court as the sole
trier of facts, the credibility of the witnesses, and the weight
to be given to the evidence presented, it cannot be said that
such court abused its discretion in finding that the greater
weight of the credible evidence before it created a reasonable
belief that Appellant violated a condition of his community
supervision, as his attorney conceded. . . . . . . . . . . . . . . . . . . . . 13

B. Reply to Appellant's Issue Presented for Review No. 2:
The trial court did not assess punishment that was so
disproportionate to the offenses for which Appellant had been
found guilty as to violate the federal prohibition against cruel
and unusual punishment, however because Appellant did not
raise this complaint in the trial court, this issue was not
preserved for appellate review. . . . . . . . . . . . . . . . . . . . . . . . . . . 17

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# IDENTITY OF PARTIES AND COUNSEL

The following are parties to the trial court's judgments and their counsel in the trial court:

1) John Douglas Houston, 1701 or 2701 Victoria Park Dr., Corpus Christi, TX 78414, represented by Richard Derrick Zapata, P.O. Box 867, Sinton, TX 78387; and,

2) The State of Texas, represented by Leo Henry Gonzalez of the Nueces County District Attorney's Office, 901 Leopard, Rm. 206, Corpus Christi, TX 78401-3602.

The following are appellate counsel:

1) Randall E. Pretzer, P.O. Box 18993, Corpus Christi, TX 78480-8993; and,

2) James D. Rosenkild of the Nueces County District Attorney's Office, 901 Leopard, Rm. 206, Corpus Christi, TX 78401-3602.

# INDEX OF AUTHORITIES

CASES                                                                  PAGES

*Cann v. State*, Nos. 13-13-00151-CR & 13-13-00152-CR, 2014 WL
4243666, 2014 Tex. App. LEXIS 9374 (Tex. App. – Corpus Christi
Aug. 25, 2014, pet. ref'd) (mem. op., not designated for
publication).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18 n.9, 18

*Chaires v. State*, 704 S.W.2d 397 (Tex. App. -- Corpus Christi 1985,
no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Davila v. State*, 173 S.W.3d 195 (Tex. App. -- Corpus Christi 2005,
no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Garrett v. State*, 619 S.W.2d 172 (Tex. Crim. App. [Panel Op.]
1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Gutierrez v. State*, Nos. 13-12-00565-CR & 13-12-00566-CR, 2014
WL 2936931, 2014 Tex. App. LEXIS 6813 (Tex. App. – Corpus
Christi June 26, 2014, no pet.) (mem. op., not designated for
publication).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Hacker v. State*, 389 S.W.3d 860 (Tex. Crim. App. 2013). . . . . . . . . . . . . . 14

*Harris v. State*, 160 S.W.3d 621 (Tex. App. -- Waco 2005, pet.
struck).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Johnson v. State*, No. 13-13-00180-CR, 2014 WL 3399818,  2014
Tex. App. LEXIS 7401 (Tex. App. – Corpus Christi July 10, 2014,
no pet.) (mem. op., not designated for publication). . . . . . . . . . . . . . . 18-19

*Joseph v. State*, 3 S.W.3d 627 (Tex. App. -- Houston [14th Dist.]
1999, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Moore v. State*, 605 S.W.2d 925 (Tex. Crim. App. [Panel Op.] 1980). . . . . 15

*Naquin v. State*, 607 S.W.2d 583 (Tex. Crim. App. [Panel Op.]
1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ornelas v. State*, No. 13-12-00689-CR, 2013 WL 3895358, 2013
Tex. App. LEXIS 9237 (Tex. App. – Corpus Christi July 25, 2013,
no pet.) (mem. op., not designated for publication). . . . . . . . . . . . . . . . . 19

*Rickels v. State*, 202 S.W.3d 759 (Tex. Crim. App. 2006). . . . . . . . . . . 13-14

*Rickels v. State*, 69 S.W.3d 775 (Tex. App. -- Corpus Christi 2002),
*rev'd on other grounds*, 108 S.W.3d 900 (Tex. Crim. App. 2003). . . . . . . . 15

*Sanchez v. State*, 603 S.W.2d 869 (Tex. Crim. App. [Panel Op.]
1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Schneider v. State*, 645 S.W.2d 463 (Tex. Crim. App. 1983). . . . . . . . . . . 18

*Smith v. State*, 286 S.W.3d 333 (Tex. Crim. App. 2009). . . . . . . . . . . . . . 15

*Sterling v. State*, 791 S.W.2d 274 (Tex. App. -- Corpus Christi 1990,
pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Trevino v. State*, 174 S.W.3d 925 (Tex. App. -- Corpus Christi 2005,
pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Vela v. State*, No. 13-13-00230-CR, 2014 WL 3049482, 2014 Tex.
App. LEXIS 7281 (Tex. App.– Corpus Christi July 3, 2014, no pet.)
(mem. op., not designated for publication). . . . . . . . . . . . . . . . . . . . . . . 18 n.9

## STATUTES AND RULES

Tex. Health & Safety Code Ann. § 481.102(6) (West 2010). . . . . . . . . . 4 n.3

Tex. Health & Safety Code Ann. § 481.115(a) (West 2010). . . . . . . . . . 4 n.3

Tex. Health & Safety Code Ann. § 481.115(d) (West 2010). . . . . . . . . . 4 n.3

Tex. Penal Code Ann. § 29.03(a)(2) (West 2011). . . . . . . . . . . . . . . . . . 3 n.2

Tex. Penal Code Ann. § 29.03(b) (West 2011). . . . . . . . . . . . . . . . . . . . 3 n.2

Tex. Penal Code Ann. § 32.21(b) (West 2011). . . . . . . . . . . . . . . . . . . . . . 3 n.1

Tex. Penal Code Ann. § 32.21(e)(1) (West 2011). . . . . . . . . . . . . . . . . . . 3 n.1

Tex. Penal Code Ann. § 37.09(a)(1) (West Supp. 2014). . . . . . . . . . . . . . 4 n.4

Tex. Penal Code Ann. § 37.09(c) (West Supp. 2014). . . . . . . . . . . . . . . 4 n.4

Tex. Penal Code Ann. § 38.04(a) (West Supp. 2014). . . . . . . . . . . . . . . 4 n.5

Tex. Penal Code Ann. § 38.04(b)(2)(A) (West Supp. 2014). . . . . . . . . . . 4 n.5

Tex. R. App. P. 9.4(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Tex. R. App. P. 25.2(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 n.8

Tex. R. App. P. 25.2(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 n.8

Tex. R. App. P. 39.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. R. App. P. 43.2(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Nos. 13-14-00677-CR, 13-14-00678-CR, & 13-14-00679-CR

JOHN DOUGLAS HOUSTON, Appellant, | THE COURT OF APPEALS

v. | FOR THE THIRTEENTH

THE STATE OF TEXAS, Appellee. | DISTRICT OF TEXAS

**BRIEF FOR THE STATE**

TO THE HONORABLE COURT OF APPEALS:

**STATEMENT OF THE CASE**

In April of 2014, pursuant to plea bargain agreements, Appellant was placed on community supervision for possession of methamphetamine, tampering with or fabricating physical evidence, evading arrest using a vehicle, forgery, and robbery. These are consolidated appeals from a joint hearing on the State's motions to revoke Appellant's community supervision in each case conducted on September 18, 2014, in the 94th District Court of Nueces County, Texas, before the Honorable Bobby Galvan. Appellant pleaded not true to the allegations in the State's motions to and revoke, but, after receiving evidence, the trial court found that Appellant violated conditions of his community supervision, revoked his community supervision in each case, and sentenced him to ten years in prison on

1

each count in each case, all to run concurrently, in accordance with the judgments and sentences originally entered in each case. In his appeal from the trial court's judgments and sentences to that effect, Appellant presents two issues for review: one contending that the evidence is insufficient to prove any of the allegations in the motions to revoke, and the other contending that his punishment was unconstitutionally disproportionate to the seriousness of his crimes.

## STATEMENT REGARDING ORAL ARGUMENT

Believing that the facts and legal arguments are adequately presented in the briefs and record, that the dispositive issues have been authoritatively decided, and that the decisional process would not be significantly aided by oral argument, see Tex. R. App. P. 39.1, the State does not request oral argument in this case.

## COUNTER-STATEMENTS OF ISSUES PRESENTED FOR REVIEW

1. Viewing the evidence in the light most favorable to the trial court's ruling, and giving deference to that court as the sole trier of facts, the credibility of the witnesses, and the weight to be given to the evidence presented, it cannot be said that such court abused its discretion in finding that the greater weight of the credible evidence

before it created a reasonable belief that Appellant violated a condition of his community supervision, as his attorney conceded.

2. The trial court did not assess punishment that was so disproportionate to the offenses for which Appellant had been found guilty as to violate the federal prohibition against cruel and unusual punishment, however because Appellant did not raise this complaint in the trial court, this issue was not preserved for appellate review.

## STATEMENT OF PROCEDURAL HISTORY

Appellant was charged by indictment on June 13, 2013, with two counts of the third degree felony offense of forgery[1]: one count alleged to have occurred on December 2, 2012, and one count alleged to have occurred on December 4, 2012. (1 C.R. [13-14-00678-CR, hereinafter "678"] at 5-6).

On October 31, 2013, he was also charged by indictment with the first degree felony offense of aggravated robbery,[2] alleged to have occurred on May 31, 2013. (1 C.R. [13-14-00679-CR, hereinafter "679"] at 4-5).

And on November 14, 2013, he was also charged by indictment

---

[1] *See* Tex. Penal Code Ann. § 32.21(b), (e)(1) (West 2011).

[2] *See* Tex. Penal Code Ann. § 29.03(a)(2), (b) (West 2011).

3

with one count of the second degree felony offense of possession of methamphetamine,[3] one count of the third degree felony offense of tampering with or fabricating physical evidence,[4] and one count of the third degree felony offense of evading arrest or detention,[5] all alleged to have occurred on July 17, 2012. (1 C.R. [13-14-00677-CR, hereinafter "677"] at 5-6).

On April 1, 2014, Appellant waived his right to jury trials and to the confrontation of witnesses, (1 C.R. [677] at 22-23; 1 C.R. [678] at 31-32; 1 C.R. [679] at 20-21; 2 R.R. at 7[6]), and--pursuant to plea bargain agreements (1 C.R.[677] at 59-60; 1 C.R. [678] at 109-110; 1 C.R. [679] at 97-98)--pleaded guilty to each of the charges,[7] judicially confessed to committing each of the offenses, and stipulated to evidence supporting his pleas. (1 C.R. [677] at 31-56; 1 C.R. [678] at 40-106; 1 C.R. [679] at

---

[3]*See* Tex. Health & Safety Code Ann. § 481.115(a), (d) (West 2010); *see also* Tex. Health & Safety Code Ann. § 481.102(6) (West 2010).

[4]*See* Tex. Penal Code Ann. § 37.09(a)(1), (c) (West Supp. 2014).

[5]*See* Tex. Penal Code Ann. § 38.04(a), (b)(2)(A) (West Supp. 2014).

[6]Although the reporter's record in each cause number contains a volume pertaining to the plea proceedings and a volume pertaining to the revocation hearing, those volumes are identical and need not be identified by cause number.

[7]Appellant's aggravated robbery charge was reduced to robbery as part of the plea agreement in that case. (1 C.R. [679] at 97, 125; 2 R.R. at 6).

4

29-94; 2 R.R. at 7-8). The trial court accepted Appellant's pleas, found him guilty of the charges, followed the plea bargain agreements, and assessed Appellant's punishment for each count in each case at confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice but suspended those sentences and placed Appellant on community supervision for ten years in each case. (1 C.R. [677] at 87; 1 C.R. [678] at 137; 1 C.R. [679] at 125; 2 R.R. at 9). The trial court's judgments to that effect were signed on April 1, 2014. (1 C.R. [677] at 57-63; 1 C.R. [678] at 107-113; 1 C.R. [679] at 95-101).

On May 14, 2014, and June 9, 2014, the State filed identical motions to revoke Appellant's community supervision in each case, alleging that he had violated several conditions of such supervision, in part by committing the offense of possession of a controlled substance on April 27, 2014. (1 C.R. [677] at 64-66; 1 C.R. [678] at 114-116; 1 C.R. [679] at 102-104).

On August 11, 2014, the State filed identical amended motions to revoke Appellant's community supervision in each case, alleging, in addition to the original allegations, that he had also violated conditions of such supervision by committing the offenses of evading arrest on April 27, 2014, and of fraudulent use or possession of identifying

5

information on July 31, 2014. (1 C.R. [677] at 81-83; 1 C.R. [678] at 131-133; 1 C.R. [679] at 119-121).

On September 18, 2014, the trial court heard those motions, accepted Appellant's pleas of not true to the allegations in each motion, received evidence, found all of the allegations in each motion to be true, revoked his community supervision in each case, and assessed his punishment for each count in each case at confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice, all such sentences to be served concurrently. (3 R.R. at 4-50). The sentences were imposed on September 18, 2014, and the trial court's judgments were signed on October 9, 2014. (1 C.R. [677] at 79-84, 87; 1 C.R. [678] at 129-134, 137; 1 C.R. [679] at 117-122, 125).

The trial court signed a certificate of Appellant's right of appeal in each case on September 14, 2014.[8] (1 C.R. [677] at 76; 1 C.R. [678] at 126; 1 C.R. [679] at 114). Appellant filed a notice of appeal in each case on October 6, 2014, (1 C.R. [677] at 77; 1 C.R. [678] at 127; 1 C.R. [679] at 115), and those appeals, which were consolidated, are now before this Court.

---

[8] *See* Tex. R. App. P. 25.2(a)(2) & (d).

6

Corpus Christi Police Department ("CCPD") officer David Alfaro was on patrol on the afternoon of April 27, 2014, when he observed the driver of a vehicle using a cell phone. He and his partner pulled the car over and approached the driver, identified in court as Appellant, and asked to see his driver's license and proof of insurance. Appellant had neither so in preparation to impound his vehicle, Alfaro asked Appellant to step out of it. There was also another male in the passenger side of the vehicle. As Alfaro patted down Appellant to check for weapons, he observed a clear plastic baggie with a crystal-like substance on the driver's floorboard. Appellant was placed in Alfaro's patrol car and the officers inventoried the contents of Appellant's car before impounding it. In doing so, CCPD officer Daryl Anderson, who had arrived to assist, found another bag under the driver's seat of the car. In it were two small plastic baggies containing a white, powdery substance, several empty bags, and a syringe. A bag of synthetic marijuana was also found. The contents of the baggie found on the floorboard field-tested negative for methamphetamine but the contents of the bag found under the driver's seat field-tested positive for cocaine. $1,138 was found in one of Appellant's back pockets. All of the evidence

7

was tagged and placed in the evidence room at the police station. The traffic stop was recorded by the dash-cam in the patrol car but Alfaro did not bring that recording to court. (3 R.R. at 9-21, 29).

CCPD officer Reynaldo Tamez, Jr., was attached to the U.S. Marshal's warrant squad, which endeavored to apprehend individuals with outstanding arrest warrants for violent offenses. In July of 2014, a marshal contacted Tamez and other units to advise that as the marshal was passing by a house, he saw Appellant, whom he knew to have an outstanding warrant, sitting in a vehicle. Tamez proceeded to the location where he saw that officers were already in a foot pursuit of Appellant. Tamez went in the direction Appellant was headed and was able to cut him off and apprehend him. Appellant was handcuffed and taken back to the vehicle he ran from. That vehicle, which was pulling a trailer, was inventoried prior to impounding it. In doing so, officers found checks, blank checks, other people's identification cards, passports, and laptops. Several Frost Bank account checks, Social Security cards, bank statements, and a passport belonged to an individual by the name of Lawrence Kramer. Tamez called in that information and the dispatcher advised that Kramer had been the victim of a vehicle burglary. A check for jury service, payable to a

Cheryl Lynn Bennett, and something belonging to a Joann Rodriguez, both of whom had also been the victims of vehicle burglaries, were also found. Tamez indicated that Appellant had been the driver of that vehicle and said that another individual who had been in the vehicle got away without being caught. He did not know if fingerprints were found on any of the recovered items. (3 R.R. at 21-28).

Appellant said that he had been on community supervision for seventeen days when the vehicle he was driving was pulled over by the police. An officer asked both Appellant and his passenger, Eric Trevino, for identification. Appellant advised that his license was expired and he did not have one. He was asked to step out of the vehicle and was patted down. In doing so, the officers found Appellant in possession of around $1100, which he said was because he had just gotten paid for two weeks work as an electrical engineer at a recording studio. He had no idea that the packages containing controlled substances were in the vehicle and he had only been driving the vehicle for 10-15 minutes when he was pulled over. He assumed it was Trevino's vehicle but didn't really know. However, he acknowledged that he "was in possession of it." Appellant said Trevino was arrested because he had outstanding warrants. (3 R.R. at 30-33, 45-46).

9

Appellant said that on July 31, 2014, he was sitting in the driver's seat of his vehicle in front of the house that contained the recording studio where he had formerly been employed, waiting for his passenger to arrive. When the passenger arrived, Appellant drove off toward a friend's house several blocks away. En route, Appellant noticed that another vehicle–a silver Explorer–was "pursuing" him. Once at the house, Appellant's passenger got out of his vehicle, went up to the house, and knocked on the door. At that point, the Explorer that had been "pursuing" Appellant pulled up next to him. Appellant said the occupants looked at him and then "tried to cut me off." Appellant accelerated and swerved around so the other driver couldn't cut him off. Appellant said he had no idea who the other driver was or why he was there. Appellant circled the block as the Explorer followed him. Appellant's passenger got back in Appellant's car. As they drove by the Explorer, it started to follow them again. Appellant's passenger wanted to find out who the occupants of the Explorer were so Appellant stopped and his passenger exited their vehicle and approached the Explorer. Appellant said that the occupants of the Explorer then pulled guns on Appellant's passenger and he was on the ground. (3 R.R. at 34-37, 44).

As soon as that happened, Appellant took off again. Once the

Explorer caught up to him, Appellant jumped out of his vehicle while it was still moving and ran. Appellant said that there was nothing about the Explorer or its occupants to suggest that they were law enforcement personnel. They were not wearing uniforms and the Explorer did not have a siren or flashing lights. Nor did they say anything to Appellant as they were pursuing him to suggest that they were law enforcement personnel. However, as soon as he did see police vehicles as he was running away, Appellant lay on the ground with his hands over his head. Appellant acknowledged, however, that he had warrants out for his arrest at that time. (3 R.R. at 37-42, 45).

Appellant said he had no idea that a backpack full of other people's information had been found or that it had ever been in the vehicle he was driving. He added that that vehicle was not his but rather belonged to his friend, Franky Sanchez, and that he had only been driving it for a couple of hours before the incident. He did not know Lawrence Kramer, Cheryl Bennett, or Joanne Rodriguez. He also did not care to reveal the name of the passenger of the vehicle. (3 R.R. at 42-45, 48).

Appellant agreed with the prosecutor that the gist of his testimony was that on both occasions, he was just at the wrong place at

11

the wrong time. He said he was not an identity thief, that he did not steal, and that he did not break into cars. But he acknowledged that he was on community supervision for forgery, robbery, and possession of a controlled substance. (3 R.R. at 46-48).

Additional facts necessary for a resolution of the issues Appellant presents for review will be discussed in the replies to those presentations.

**SUMMARY OF THE ARGUMENT**

The trial court revoked Appellant's community supervision on the basis of four violations of the conditions of such supervision, including allegations that he committed three new offenses. Viewing the evidence in the light most favorable to the trial court's ruling, and giving deference to that court as the sole trier of facts, the credibility of the witnesses, and the weight to be given to the evidence presented, it cannot be said that such court abused its discretion in finding that the greater weight of the credible evidence before it created a reasonable belief that Appellant violated a condition of his community supervision. Indeed, at the conclusion of evidence during Appellant's revocation hearing, his attorney conceded that the State had met its burden of proving such allegations.

By failing to object to his sentences in the trial court, Appellant has forfeited his right to complain on appeal that such sentences are disproportionate to his crimes. But even if this issue had been preserved, Appellant fails to show how his sentences, which were within the legislatively prescribed punishment range, were grossly disproportionate to the crimes for which he was convicted.

## ARGUMENT

A. Reply to Appellant's Issue Presented for Review No. 1: <u>Viewing the evidence in the light most favorable to the trial court's ruling, and giving deference to that court as the sole trier of facts, the credibility of the witnesses, and the weight to be given to the evidence presented, it cannot be said that such court abused its discretion in finding that the greater weight of the credible evidence before it created a reasonable belief that Appellant violated a condition of his community supervision, as his attorney conceded</u>.

In the first issue Appellant presents for review, he contends that, "[t]he State failed to prove by a preponderance of the evidence that [he] committed the offenses as set forth in the motions to revoke probation." (Appellant's brief at 8).

This contention is without merit.

In a community supervision revocation hearing, the State must prove by a preponderance of the evidence that a condition of such supervision was violated. *See Rickels v. State*, 202 S.W.3d 759, 763

13

(Tex. Crim. App. 2006); *Davila v. State*, 173 S.W.3d 195, 197 (Tex. App. -- Corpus Christi 2005, no pet.). This burden is satisfied when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of community supervision has been violated as alleged. *Rickels*, 202 S.W.3d at 763-64; *Davila*, 173 S.W.3d at 197.

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels*, 202 S.W.3d at 763; *Davila*, 173 S.W.3d at 197. In reviewing such an order, the evidence is examined in the light most favorable to the trial court's order, *see Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Davila*, 173 S.W.3d at 197, giving deference to the trial court as the sole trier of facts, the credibility of the witnesses, and the weight to be given to the evidence presented. *See Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. [Panel Op.] 1980); *Davila*, 173 S.W.3d at 197. When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court. *Davila*, 173 S.W.3d at 197; see also *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (discussing how the Texas Supreme Court has explained the preponderance-of-the-

evidence standard in civil cases).

One ground for revocation, if proven, is sufficient to revoke a defendant's community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Moore v. State*, 605 S.W.2d 925, 926 (Tex. Crim. App. [Panel Op.] 1980); *Rickels v. State*, 69 S.W.3d 775, 778 (Tex. App. -- Corpus Christi 2002), *rev'd on other grounds*, 108 S.W.3d 900 (Tex. Crim. App. 2003). For that reason, to obtain reversal for insufficiency of the evidence in a community supervision case, a defendant must successfully challenge each ground on which the trial court relies. *See Smith*, 286 S.W.3d at 342-43; *Sterling v. State*, 791 S.W.2d 274, 277 (Tex. App. -- Corpus Christi 1990, pet. ref'd) (citing *Moore*); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App. -- Houston [14th Dist.] 1999, no pet.); *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App. -- Waco 2005, pet. struck). Indeed, it is not necessary to consider the sufficiency of the evidence to prove other violations if any one of the alleged violations is supported by the evidence. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Chaires v. State*, 704 S.W.2d 397, 398 (Tex. App. -- Corpus Christi 1985, no pet.).

Here, the trial court did not abuse its discretion in adjudicating Appellant's guilt and revoking his community supervision.

15

To begin with, there was ample evidence supporting the trial court's finding that each of the allegations in the State's amended motion to revoke were true. Indeed, at the conclusion of evidence during Appellant's revocation hearing, his attorney conceded that the State had met its burden of proving such allegations. (3 R.R. at 49).

Moreover, Appellant's "wrong place at the wrong time" contentions regarding both incidents were simply not credible. And Appellant gave the trial court plenty of basis for believing his testimony in general was not credible. Although Appellant testified during his revocation hearing that the forgery conviction for which he was on community supervision was for possessing two counterfeit $100 bills that he did not know were counterfeit at the time, (3 R.R. at 47), the evidence to which Appellant stipulated at the time he pleaded guilty to those offenses included his acknowledgment that he obtained them from the person who altered them, knowing they were counterfeit, and that he passed them both to clerks at convenience stores. That evidence also documented that at the time of his arrest for one of the forgery offenses, Appellant told officers that he received one of the bills at a "game room in Portland," which his later confession established was not true (1 C.R. [678] at 43, 50-51, 61, 66-67, 73-75).

16

Thus, when viewed in the light most favorable to the trial court's order, and giving deference to that court as the sole trier of facts, the credibility of the witnesses, and the weight to be given to the evidence presented, it cannot be said that such court abused its discretion in finding that the greater weight of the credible evidence before it created a reasonable belief that Appellant violated a condition of his community supervision.

Accordingly, the first issue Appellant presents for review should be overruled.

B. Reply to Appellant's Issue Presented for Review No. 2: <u>The trial court did not assess punishment that was so disproportionate to the offenses for which Appellant had been found guilty as to violate the federal prohibition against cruel and unusual punishment, however because Appellant did not raise this complaint in the trial court, this issue was not preserved for appellate review</u>.

In the second issue Appellant presents for review, he contends that, "the punishment assessed by the judge during the sentencing phase of the motions to revoke probation was disproportionate to the seriousness of the alleged offenses, all in violation of the Eighth and Fourteenth Amendments of the United States Constitution." (Appellant's brief at 10).

This contention is without merit.

17

While this contention is without merit,[9] this Court should not address it because the issue was not preserved for appellate review. Appellant made no objection to his sentences in the trial court at the time of sentencing or in any post-trial motion on any ground, let alone on the basis of them being cruel and unusual or disproportionate to his crimes. (3 R.R. at 50).

By failing to so object, he has forfeited his complaint on appeal. *See Schneider v. State*, 645 S.W.2d 463, 466 (Tex. Crim. App. 1983); *Trevino v. State*, 174 S.W.3d 925, 927-29 (Tex. App. -- Corpus Christi 2005, pet. ref'd); *see also Cann*, 2014 WL 4243666, at *1, 2014 Tex. App. LEXIS 9374, at *1-2 (summarily rejected for failure to preserve issue); *Gutierrez v. State*, Nos. 13-12-00565-CR & 13-12-00566-CR, 2014 WL 2936931, at *1-2, 2014 Tex. App. LEXIS 6813, at *3-4 (Tex. App. – Corpus Christi June 26, 2014, no pet.) (mem. op., not designated for publication) (same); *Johnson v. State*, No. 13-13-00180-CR, 2014 WL

---

[9]Indeed, Appellant notes that appeals on this basis may be frivolous, (Appellant's brief at 10), and this Court has repeatedly rejected such claims. *See*, *e.g.*, *Cann v. State*, Nos. 13-13-00151-CR & 13-13-00152-CR, 2014 WL 4243666, at *1, 2014 Tex. App. LEXIS 9374, at *1-2 (Tex. App. – Corpus Christi Aug. 25, 2014, pet. ref'd) (mem. op., not designated for publication) (summarily rejected for failure to preserve issue); *Vela v. State*, No. 13-13-00230-CR, 2014 WL 3049482, at *1-3, 2014 Tex. App. LEXIS 7281, at *3-9 (Tex. App.– Corpus Christi July 3, 2014, no pet.) (mem. op., not designated for publication) (rejected on merits).

3399818, at \*3, 2014 Tex. App. LEXIS 7401, at \*7-8 (Tex. App. – Corpus Christi July 10, 2014, no pet.) (mem. op., not designated for publication) (same); *Ornelas v. State*, No. 13-12-00689-CR, slip op. at 10 n.3, 2013 WL 3895358, at \*5 n.3, 2013 Tex. App. LEXIS 9237, at \*14-15 n.3 (Tex. App. – Corpus Christi July 25, 2013, no pet.) (mem. op., not designated for publication) (responding to same contention as that urged on page 11 of Appellant's brief that a court has power to review a sentence to determine whether it passes constitutional muster even if no objection lodged in trial court).

But even if this issue had been preserved, Appellant fails to show how his sentences, which were within the legislatively prescribed punishment range, were grossly disproportionate to the crimes for which he was convicted.

As a result of plea bargain agreements, Appellant was assessed six concurrent ten-year suspended sentences for committing six third-degree felony offenses, one of which was reduced from a second-degree felony charge. When assessing punishment upon revoking Appellant's community supervision for violating the conditions of such supervision by committing three new felony offenses beginning within weeks of being placed on supervision, the trial court simply ordered that

19

Appellant be punished in accordance with the judgments and sentences originally entered in each case—the sentences Appellant bargained for and willingly accepted at the time of his initial pleas. While in his brief, Appellant offers the fact that he had only been on community supervision "for a very short period of time" as a basis for his contention that the trial court should have continued him on such supervision with new conditions, (Appellant's brief at 19-20), if anything, Appellant's commission of three new offenses so soon after being placed on his ten-year term of community supervision merely supports the trial court's decision to revoke such supervision and impose the generous concurrent sentences it had initially suspended.

For both of these reasons, the second issue Appellant presents for review should be overruled.

## PRAYER FOR RELIEF

For the foregoing reasons, the State respectfully requests that the judgment of the trial court be affirmed. See Tex. R. App. P. 43.2(a).

/s/ James D. Rosenkild
James D. Rosenkild
State Bar No. 17279200
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401-3602

20

(361) 888-0410
(361) 888-0254 (fax)
james.rosenkild@co.nueces.tx.us

## CERTIFICATE OF COMPLIANCE

This is to certify that the word count of the computer program used to prepare this brief indicates that such brief contains 3,078 words, not counting the following if part of this brief: the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix. <u>See</u> Tex. R. App. P. 9.4(i).

/s/ James D. Rosenkild
James D. Rosenkild

## CERTIFICATE OF SERVICE

This is to certify that a copy of this brief was served via certified electronic service provider (or mailed if electronic service could not be made) this 27th day of July 2015, to Appellant's attorney, Randall E. Pretzer, P.O. Box 18993, Corpus Christi, TX 78480-8993; Rpretzer@Clearwire.net.
.

/s/ James D. Rosenkild
James D. Rosenkild